Edward F. KENNEDY, Special Agent,
Plaintiff,

v.

William H. RUBIN, Defendant.

No. 65 C 1674.

United States District Court
N. D. Illinois, E. D.

May 20, 1966.

Edward V. Hanrahan, U. S. Atty., for plaintiff.

Raymond, Mayer, Jenner & Block, Chicago, Ill., for defendant.

MAROVITZ, District Judge.

This action arises pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code, under which petitioner seeks to enforce three Internal Revenue Service summonses issued to respondent. Upon the filing by respondent of a jury demand and notice to take the deposition of petitioner, this Court ordered the parties herein to submit briefs with regard to whether this proceeding is governed by the Federal Rules of Civil Procedure, and, if so, whether respondent is entitled to the rights and privileges demanded.

Any inquiry on this subject must begin with Rule 81(a) (3) of the Federal Rules of Civil Procedure, which provides in pertinent part:

"These rules apply * * * to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings * * *."

It is clear, initially, that the statutes at issue, Sections 7402(b) and 7604 (a), provide only that the United States District Court for the district in which respondent resides shall have jurisdiction by appropriate process to compel appearance, testimony and/or production. There is no indication that the Federal Rules would not apply to such an enforcement proceeding. In the absence of a clear negative statutory pronouncement, or compelling circumstances requiring a contrary order by this Court, it would

seem apparent under our reading of Rule 81(a) (3) that the Federal Rules generally applicable to civil proceedings must be utilized. Indeed, this approach has been indicated to be correct by the Supreme Court of the United States in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), where the Court stated in footnote 18 at page 58, 85 S.Ct. at page 255:

"Because § 7604(a) contains no provisions specifying the procedure to be followed in invoking the court's jurisdiction, the Federal Rules of Civil Procedure apply. Martin v. Chandis Securities Co., 9 Cir., 128 F.2d 731."

In *Chandis*, supra, the Court of Appeals for the Ninth Circuit held similarly that, inasmuch as the Internal Revenue Code contains no provision specifying what procedure is to be followed, the Federal Civil Rules must be applied. See also Falsone v. United States, (5th Cir., 1953) 205 F.2d 734, 742, cert. den. 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375 (1953).

■ At best, petitioner may prevail only upon a strong showing of extraordinary circumstances which might justify suspension of the customarily applicable federal rules. Petitioner's arguments relating to its need for "swift summary adjudication" do not meet this burden. Respondent has raised important defenses to the enforcement action instituted herein. While often the proverbial wheels of justice must grind slowly, it is just such deliberation, resulting from formal procedure, which insures each party an orderly hearing and concordant full protection of the laws. Petitioner has demonstrated no instances of dilatory tactics indulged in by respondent which could indicate a need for deviation from normal procedure. Aid for petitioner's plight concerning exhaustion of the criminal statute of limitations must come from Congress in the form of an act tolling said statute. In the absence of such an enactment, however, we cannot summarily dispose of respondent's defenses where summary treatment is not otherwise in order.

■ We are not impressed with petitioner's further argument that the Internal Revenue Code of 1954 provides for such summary procedure, and thus, that this case must fall within the exception noted in Rule 81(a) (3). A close reading of Sections 7402(b) and 7604(a) reveals that Congress included no inference whatsoever, and, *a fortiori*, no express statement to the effect that the Federal Rules are inapplicable. While petitioner relies heavily on Goodyear Tire and Rubber Co. v. N. L. R. B., (6th Cir., 1941) 122 F.2d 450, 136 A.L.R. 883, it must be noted that said case was decided well before *Powell*, *Chandis* and *Falsone*, supra, and of more importance, was founded upon the language in the statute there at issue calling for an "application" rather than a "petition," and an "order" rather than a "judgment." (See 122 F.2d at p. 451). Section 7604(a), under which this action is brought, unlike the statute before the Court in *Goodyear*, and Section 7604(b), dealing with contempt proceedings before the commissioner, speaks of "appropriate process." While petitioner urges that Section 7604(b) must be read *in pari materia* with Section 7604 (a), and thus, that the latter is governed by the reasoning in *Goodyear*, we cannot agree. There exists a very real distinction between Section 7604(b) actions which are in the nature of contempt proceedings against persons who "wholly made default or contumaciously refused to comply," (Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964)), and actions brought merely to enforce an Internal Revenue Summons. That is, while there is justification to support "summary" handling of persons who "contemptuously" ignore a summons and flaunt authority (See United States v. Barnett, 376 U.S. 681, 84 S.Ct. 984, 12 L.Ed.2d 23 (1964)), a good faith challenge of validity submitted to a District Court for decision should be afforded full protection of the rules that have been developed for the orderly determination of civil suits. Petitioner's "in pari materia" gloss cannot stand. By petitioner's own reasoning, a distinction

between "application" and "appropriate process" must be drawn, and we must assume that Congress intended that its chosen words would be given meaning.

█ Petitioner cannot find support, in our view, in its additional suggestion that the Federal Rules do not apply to an action commenced by the filing of a *Petition* rather than a *Complaint* as contemplated by Rule 1. Such self-serving choice of nomenclature cannot alter the character of a proceeding. It would be absurd to hold that a party, by attaching a label of its own choosing to a pleading, could thwart the clear wording of Rule 81(a) (3), which provides, in the absence of enumerated alternatives, for application of the federal rules to all proceedings to compel production of documents in accordance with a subpoena issued by an officer or agency of the United States. Indeed, in one of petitioner's own cases, in which access to the federal rules was *denied*, proceedings were commenced by the filing of a "Complaint." See United States v. Vivian, (7th Cir., 1955) 224 F. 2d 53.

Finally, we cannot accept petitioner's assertion that the Supreme Court erred in *Powell* when it cited *Chandis,* a case decided before Rule 81 was amended. Such an argument may more properly be addressed to the Supreme Court should appeals in this action ever reach that juncture. It is sufficient for us to conclude that the "law of the land" as stated in *Powell* is clear to the effect that the instant proceedings are to be governed by the Federal Rules of Civil Procedure. Until instructed by a higher court to the contrary, we must proceed as heretofore directed.

We shall turn then to the specific questions before us, whether respondent is entitled to conduct pretrial discovery under the Federal Rules, and, further, whether a jury demand filed herein must be honored.

█ We are convinced, pursuant to respondent's argument, that denial to him of the opportunity to conduct pretrial discovery would render meaningless his right to challenge the summonses issued

herein. Once we have decided to make use of orderly procedural principles calculated to insure fair adjudication of issues, and to deny application of summary procedure sought by petitioner, it would be defeating to deny respondent a very basic element thereof, and to reintroduce "surprise" into federal litigation. Indeed, it would seem mandatory to hold that no action falling under the Federal Rules should be exempt from discovery machinery. See Moore, Federal Practice, (2d Edit., 1963) Vol. 4, p. 1073; Boeing Airplane Co. v. Coggeshall, (1960) 108 U.S.App.D.C. 106, 280 F.2d 654; F. T. C. v. Bowman, (D.C.Ill., 1957) 149 F.Supp. 624, 629–630, affd. (7th Cir., 1957) 248 F.2d 456. If as the Supreme Court stated in Reisman v. Caplin, supra, a respondent to an enforcement petition is entitled to a "completely protected" hearing to judicially determine the merits of his challenges to the summons, pretrial discovery would seem essential. To suspend discovery would be to reinstate the "summary" procedure which we have just refused to apply, and to make the "protected" hearing demanded by the Supreme Court a meaningless shell of formalism. See Fusco for and on Behalf of N. L. R. B. v. Richard W. Kaase Banking Co., 205 F.Supp. 459 (D.C.Ohio, 1962); United States v. 300 Cans, etc. of Black Raspberries, (D.C.Ohio, 1947) 7 F.R.D. 36; Madden for and on Behalf of N. L. R. B. v. Milk Wagon Drivers Union Local 753, (D.C.Ill., 1964) 229 F.Supp. 490. While we will not permit such discovery to be used in a dilatory manner to postpone trial, we cannot withhold from respondent its meaningful request for pretrial discovery. If, as petitioner concedes, under *Reisman,* supra, respondent is entitled to "vigorously contest the Government's right to inquiry," respondent must be permitted to determine in advance of trial the facts on which he intends to rely.

Petitioner argues that "it would be anomalous indeed if the subject of an administrative investigation who lacks the power to compel disclosure of the facts adduced during the investigation,

could, through contumacy, require the investigative agency to invoke the aid of the Court to enforce compliance with a subpoena and in the judicial proceeding be enabled to gather information to which he was not entitled in the investigative proceeding." This contention proceeds on the false assumption that th, investigation, absent judicial intervention, is valid *ab initio* and is capable of "adducing facts." Certainly, a "subject" could not depose' an Internal Revenue agent without the aid of the Court, as petitioner supposes, but similarly, where a challenge exists, the agent could not "investigate" without a judicial order. We are not granting to respondent "rights" which he would not have as the "subject of an investigation," but, rather, we are merely giving him the opportunity to have the Court realistically determine whether the investigation itself shall validly continue.

Accordingly, we shall permit respondent to depose petitioner herein in open court on Thursday, June 2, 1966, limiting such discovery to the following issues raised by the pleadings thus far filed:

1) What is the chief purpose of the investigation?

2) Has a good faith determination been made that a second examination is necessary?

3) Does the Internal Revenue Service already have in its knowledge and possession the information it seeks?

4) Was this investigative proceeding instituted to obtain evidence against respondent for use in a criminal prosecution?

■ After due consideration, we must finally conclude that the instant action brought to enforce an Internal Revenue Summons does not afford to respondent the right to trial by jury as demanded.

We are satisfied that this proceeding is brought solely under the provisions of a federal statute, Section 7604(a) of the Internal Revenue Code of 1954, is governed by the terms thereof, and is not subject to the provisions of the Seventh Amendment to the Constitution of the United States and Rule 38(a) of the Federal Rules, which provide for trial by jury in suits at common law only. Section 7604(a) speaks only of adjudication of the issues by the United States District Court, and, in no manner bestows a right to trial by jury.

■ Furthermore, a suit to compel compliance with an administrative subpoena is, by nature of the relief sought, a mandatory injunction proceeding, equitable in character, and traditionally triable by a Court alone, without the aid of a jury. Injunctive proceedings are characteristically "equitable," and, under the historical "jealousy of the Chancellor" need not be submitted to a jury for determination. See Moore, Federal Practice, supra, Vol. 5, pp. 115–119. The Seventh Amendment merely preserved the right to jury proceedings in actions triable to jury at common law at the time the Constitution was enacted. It clearly did not create any new rights. id. at pp. 85–86. Similarly, the Federal Rules neither enlarge nor abridge the rights granted by the Constitution. id. at p. 126.

Thus, any right to jury consideration which respondent might retain must rest on its argument that it has raised as a defense a common law tort, abuse of process, which was actionable at law as trespass on the case. Under the rationale of Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1958) and Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 it is contended, respondent is entitled to a preliminary jury trial, at least on the legal issues it has raised in its answer. We cannot agree. In *Beacon Theatres*, supra, the Court held that where legal *claims* for damages are presented along with equitable claims in the same action whether by complaint or counterclaim, a litigant is entitled to a jury trial first on those claims cognizable at law, so that his right thereto will not be defeated by collateral estoppel. Looking to the relief sought herein, the traditional method of determining the nature of an action, it is apparent that Petitioner seeks injunctive relief, alone, while Respondent has pre-

sented nothing which rises to the status of a "claim" either legal or equitable in nature. There is no counterclaim present as in the above cited cases to which a jury could give separate and meaningful consideration. To hold as Respondent urges that the mere existence of a legal defense, without a claim based thereon, gives rise to a jury proceeding, would be to do violence to the time-honored separation between law and equity, for surely, a litigant might always defeat the Chancellor's exclusive jurisdiction by interposing a legal defense. No such right was extended by the Seventh Amendment.

We must conclude that the facts before this Court are far removed from those existing in *Beacon Theatres,* supra, wherein the only relief sought by either side is equitable in nature.

Accordingly, we must withhold from Respondent the opportunity to have the instant action tried to a jury.