UNITED STATES of America and James G. WALKER, Special Agent, Internal Revenue Service, Petitioners,

v.

Dr. I. Beverly LAKE, Respondent.

Civ. No. 974.

United States District Court
E. D. North Carolina,
Wilson Division.

July 18, 1966.

Robert H. Cowen, U. S. Atty., Raleigh, N. C., for petitioners.

I. Beverly Lake, Raleigh, N. C., pro se.

ORDER

LARKINS, District Judge.

STATEMENT OF THE CASE

This cause comes before the Court as a matter arising out of a petition to enforce an Internal Revenue summons which was filed on May 2, 1966. On May 3, 1966, this Court issued an order directing respondent to show cause why he should not be compelled to comply with the Internal Revenue summons. The Court

elected not to place a return date on the Order to Show Cause, however, for the reason that the Court wanted to confer with the parties concerned before making any determinations.

An informal conference was held on May 9, 1966, in Chambers with counsel for the United States and respondent, who is an Associate Justice of the Supreme Court for the State of North Carolina, being present. At this time respondent filed an answer to the petition setting forth various defenses. Petitioners were directed by the Court to submit a memorandum in support of their position.

Thereafter, on June 28, 1966, a second informal conference was held after the Court had had an opportunity to consider the briefs and memoranda submitted. At this conference respondent was present along with the subject of petitioners' investigation (hereinafter referred to as taxpayer), and the individual petitioner with Counsel for the United States. As a result of these conferences the following facts have been concluded by the Court:

1. On June 8, 1965, Special Agent Walker of the Internal Revenue Service, and the individual petitioner in this action, served an Internal Revenue summons on the respondent, Dr. I. Beverly Lake. This summons required respondent to appear before Special Agent Walker on June 21, 1965, for the purpose of testifying and producing all those records which petitioners deemed relevant to an investigation being conducted by Special Agent Walker relating to possible tax liabilities of the taxpayer, Dr. Clarence W. Bailey, for the years 1960, 1961 and 1962.

2. At the time the Internal Revenue summons was served on respondent he was engaged in the private practice of law in the State of North Carolina, not having then been appointed to the Supreme Court of the State of North Carolina at this time.

3. Petitioners issued the summons involved, because the taxpayer had apparently made statements concerning two deductions, referred to as the Parker and Sharpe loans, upon his income tax returns for the years involved indicating the deductions were made upon the advice of counsel. One of taxpayers attorneys was the respondent.

4. In order to further investigate the Parker and Sharpe loans, petitioners deemed relevant to his investigation any records and testimony elicited from respondent in any way related to any business or financial transactions between respondent and taxpayer, or conducted on behalf of the taxpayer by respondent. Petitioners therefore, in order to ascertain the details of all of the above transactions, sought the production of all respondent's records reflecting any legal fees paid respondent or his firm for legal services rendered taxpayer, and all records of respondent which might reflect any business or financial transactions which transpired between respondent and taxpayer during the years in question.

5. Respondent appeared before Special Agent Walker on June 21, 1965, and declined to answer most of the questions propounded to him on the ground that to answer them would violate the attorney-client privilege. He further declined to produce his records as requested, and asserted that to be made to do so would be a violation of respondent's Fourth Amendment to the Constitution of the United States protections against unreasonable searches and seizures.

6. Thereafter, and prior to the commencement of the instant proceeding, counsel for the United States submitted eleven written questions to respondent for him to answer. Eight of these questions were answered fully to the satisfaction of petitioners; one was partially answered, but not to the satisfaction of petitioners (Ques. enumerated No. 10); and two questions were not answered at all by respondent because he contended to do so would violate the attorney-client privilege (Ques. enumerated Nos. 4 and 5).

7. After respondent's refusal to answer questions enumerated Nos. 4 and 5, the taxpayer agreed to waive the

attorney-client privilege. Respondent thereupon orally answered questions relating to his advice to taxpayer as it related to the Parker and Sharpe loans, to the best of his recollection. These answers were given in the presence of this Court, but petitioners felt they were not sufficient in detail to satisfy their purposes. For this latter reason, petitioners have continued to insist upon having access to substantially all of those records and files belonging to respondent or his former law firm and which petitioners might deem relevant to the investigations. Respondent has stated that the details requested of him by petitioners are not within his recollection, and that he has been unable to find such information at this late date, since he has closed his legal files. (Petitioner seeks the dates on which the alleged legal advice was given the taxpayer, and the information respondent had available from the taxpayer and upon which respondent relied when he advised taxpayer that the Parker and Sharpe loans might be deducted as bad debts). It is clear the respondent has answered petitioners' questions to the best of his recollection, and that he has substantial doubt as to the existence of the further information which petitioners now seek. Respondent has further expressed a willingness to testify fully at any trial should a true bill of indictment be returned against the taxpayer.

8. Question enumerated No. 10, which was partially answered, seeks information concerning whether or not respondent ever received remuneration for legal services rendered taxpayer. Respondent answered that question orally in Chambers, and by letter of March 30, 1966. He was unable to give all the details and amounts relating to fees received, but the receipt of any fees was explained in sufficient detail as to not permit petitioners free access to respondent's files and records in order for petitioners to attempt to seek further information concerning respondent's legal fees, and which petitioner might deem relevant in a trial against taxpayer.

9. The informal conferences held with respondent and petitioners present, as well as the United States Attorney, were held without the presence of an official court reporter. Respondent was not required to testify under oath, the Court deeming this requirement entirely unnecessary in light of the position and character of the respondent. To this the petitioners assented.

## CONCLUSIONS

This matter is properly before the Court, and within the equitable powers of the Court by virtue of Title 26 U.S.C.A., Secs. 7402(b) and 7604(a), Internal Revenue Code of 1954. See Kennedy v. Rubin, 254 F.Supp. 190 (N.D.Ill.1966).

The taxpayer has waived all those protections afforded him by means of the attorney-client privilege, therefore, the respondent is free to divulge the details of, and the basis for, any legal advice he may have afforded the taxpayer, and which might otherwise be deemed a privileged communication due to the professional relationship of attorney and client.

This waiver by taxpayer, however, does not make respondent's records and files a free field for petitioners' access within which to roam at random after respondent has answered the questions propounded to him by petitioners to the best of his ability and recollection. This is especially true when the respondent has expressed his willingness to testify fully in any proceedings petitioners may ultimately undertake against the taxpayer.

This Court has in no way intended, by means of this proceeding, to pass upon the admissibility, relevancy or materiality of evidence, or the extent of discovery to which petitioners or taxpayer might be entitled in the event a civil or criminal action should be undertaken concerning the parties or matters involved in this present proceeding. Matters such as these should await the appropriate time, according to the proper rules of Civil or Criminal Procedure before being presented to the Court for its determination.

## ORDER

Therefore, the respondent having shown cause, it is ordered that the Order to Show Cause signed by this Court under date of May 3, 1966, be, and the same is hereby dissolved and dismissed.

It is further ordered that the Internal Revenue Summons signed by petitioners under date of May 2, 1966, be, and the same is hereby dissolved and dismissed.