**UNITED STATES of America and Carol O. Morey, Special Agent, Internal Revenue Service, Petitioners,**

v.

**Lowell E. MORIARTY, as Vice President and Secretary of Moriarty Manufacturing Company, Inc., Respondent.**

No. 67–C–244.

United States District Court
E. D. Wisconsin.

Dec. 1, 1967.

James H. Jeffries, III, Tax Div., Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., by Roch Carter, Asst. U. S. Atty., Milwaukee, Wis., for petitioners.

John D. Cahill, William Fitzhugh Fox, James A. Kern, Daniel O. Ryan, Jr., Thomas G. Hinners, Milwaukee, Wis., for respondent.

## OPINION AND ORDER

GRUBB, Senior District Judge.

On petitioners' motion to quash notice of taking of depositions and issuance of subpoena duces tecum.

This is a proceeding under Sections 7402(b) and 7604(a), Title 26 U.S.C.A., I.R.C.1954, commenced by petition, for enforcement of summonses issued by an agent of the Internal Revenue Service. These summonses relate to the records of respondent, Lowell E. Moriarty, as vice president and secretary of Moriarty Manufacturing Company, Inc., for the years 1963, 1964, and 1965. They were initially issued in December of 1966 by Special Agent Carol Morey, who then commenced the instant judicial proceedings for enforcement in August 1967 after Moriarty appeared but refused to produce the requested records.

By answer to the petition for enforcement, respondent has alleged that the

special agent is seeking the information as evidence of criminal tax fraud and, since the books and records have been examined previously, that the information is within the knowledge of the agents of the Internal Revenue Service. Respondent has served notice of the taking of the deposition of Special Agent Morey and Agent Kraujalis who have conducted or participated in the investigation of the tax liabilities of Moriarty as vice president and secretary of a corporation.

The government objects to the proposed discovery on these grounds: the Federal Rules of Civil Procedure may not be applicable in special proceedings for judicial enforcement of Internal Revenue Service summonses. If the Rules be deemed applicable in the proceeding, discovery should nevertheless be denied in the exercise of sound judicial discretion for the reason that the time consumed in discovery favors the taxpayer in that the statute of limitations may run as to his liability for the years in question; evidence may become lost or stale and government investigators may lose interest. These circumstances would hamper and seriously interfere with the speedy, summary determination and enforcement of tax liability envisioned by the Code.

Rule 81(a) (3), Federal Rules of Civil Procedure provides for the applicability of the Rules in

"* * * proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings, * * *"

There is no statutory provision governing the procedure to be followed in suits for judicial enforcement of Internal Revenue Service summonses. United States v. Powell, 379 U.S. 48, 58 n. 18, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); Kennedy v. Rubin, 254 F.Supp. 190, 192–193 (N.D.Ill.1966). No rule of this district court has been cited that would bar application of the Rules in these proceedings. It remains to determine whether or not discovery should be barred in the exercise of the court's discretion under the circumstances of the case.

■ Respondent has raised cognizable defenses to enforcement of the summonses. Although the government may validly investigate to determine whether or not a fraud has been committed, the examination of a taxpayer and of his records may not be for the "improper" objective of obtaining evidence for purposes of a criminal prosecution or for the harassment of the taxpayer. United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); Wild v. United States, 362 F.2d 206, 208 (9th Cir. 1966); Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). And see, Title 26 U.S.C.A. Section 7605(b) "Restrictions on examination of taxpayer."

■ The defenses, if established by the evidence on the hearing on the question of enforcement, would restrict the government's right of examination and may, therefore, not be deemed spurious at this posture of the case as is suggested by the government. The benefits of pre-hearing discovery may be of special importance in these proceedings where the taxpayer has the burden of establishing a bar to enforcement under the holding in United States v. Powell, 379 U.S. 48, 58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

The government has made no showing of the likelihood of the occurrence of the evils it claims would result from the taking of the depositions of the agents. Any undue delay in the investigation or too broad a range of inquiry may be limited by order of the court. See for example, Kennedy v. Rubin, 254 F.Supp. 190 (N.D.Ill.1966). The decision in United States v. Howard, 360 F.2d 373 (3rd Cir. 1966) is not inapposite to allowance of discovery. There the court denied the right to submit interrogatories that were too broad and lacked utility

save as harassment. No such showing has been made in the instant case.

In accordance with the foregoing opinion, it is the order of the court that the motion to quash is denied. Counsel are hereby directed to determine on a mutually acceptable time for the taking of the depositions, limited in scope to the issues raised by the pleadings, which depositions are to be completed within three weeks from the date of this order. Further, it is the order of the court that the question of judicial enforcement of the Internal Revenue Service summonses is subject to call for hearing on the merits after January 1, 1968.