OVERNITE TRANSPORTATION COM-
PANY, Appellant,

v.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Appellee.

No. 25521.

United States Court of Appeals
Fifth Circuit.

July 5, 1968.

William M. Pate, Atlanta, Ga., J. W. Alexander, Jr., Brown Hill Boswell, Charlotte, N. C., for appellant; Mitchell, Clarke, Pate & Anderson, Atlanta, Ga., Blakeney, Alexander & Machen, Charlotte, N. C., of counsel.

Russell Specter and David Cashdan, Attys., Daniel Steiner, Gen. Counsel, Equal Employment Opportunity Commission, Washington, D. C., for appellee.

Before BROWN, Chief Judge, BELL, Circuit Judge, and HOOPER, District Judge.

GRIFFIN B. BELL, Circuit Judge:

This case presents an important procedural question in the administration of Title VII of the Civil Rights Act of 1964 by the Equal Employment Opportunity Commission. The Commission

duly issued a demand for access to evidence pursuant to § 709(a) of the Civil Rights Act of 1964. 42 U.S.C.A. § 2000e–8(a).[1] There is no issue as to service on the employer Overnite Transportation Company. The statute, § 710(c), 42 U.S.C.A. § 2000e–9(c),[2] provides twenty days after service within which the employer may seek an order in the District Court modifying or setting aside the demand of the Commission. Overnite sought no relief whatever in the District Court within this twenty day period. The Commission then moved under § 710(b), 42 U.S.C.A. § 2000e–9(b)[3] of the Act in the District Court for an order requiring compliance with its demand. The order was granted; this appeal followed; we affirm.[4]

Overnite contends that the records demanded by the Commission were not relevant to the scope of the investigation. It is argued from this premise that the court thus had no jurisdiction to enter its order of enforcement. This is said to follow from the grant of authority to the Commission under § 709(a) of the Act which grants the Commission access to evidence relevant to the charge under investigation.

The Commission, on the other hand, urges that Overnite is barred from objecting on the basis of relevancy in the compliance proceeding because of having failed to move for relief within the twenty day period provided under § 710(c), and, failing in this, that the evidence sought was nevertheless relevant. The District Court ruled that Overnite was indeed barred by its failure to take advantage of § 710(c); and also that it failed to show good cause why the order requested should not be granted. The first conclusion was based on the provision in § 710(c) that: "No objection which is not raised by such a petition [to modify or set aside the demand] may be urged in the defense of a proceeding * * *" for enforcement of the demand. The latter conclusion was based on a finding of relevancy by the District Court.

Section 709(a) of the Act, supra, authorizes the Commission to have access to any eivdence that relates to unlawful employment practices and that is rele-

1. § 709(a):
   In connection with any investigation of a charge filed under section 2000e—5 of this title, the Commission or its designated representative shall at all reasonable times have access to, for the purposes of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation.

2. § 710(c):
   Within twenty days after the service upon any person charged under section 2000e—5 of this title of a demand by the Commission for the production of documentary evidence or for permission to examine or to copy evidence in conformity with the provisions of section 2000e—8(a) of this title, such person may file in the district court of the United States for the judicial district in which he resides, is found, or transacts business, and serve upon the Commission a petition for an order of such court modifying or setting aside such demand. * * * No objection which is not raised by such a petition may be urged in the defense of a proceeding initiated by the Commission under subsection (b) of this section for enforcement of such a demand unless such proceeding is commenced by the Commission prior to the expiration of the twenty-day period, or unless the court determines that the defendant could not reasonably have been aware of the availability of such ground of objection.

3. § 710(b):
   If the respondent named in a charge filed under section 2000e—5 of this title fails or refuses to comply with a demand of the Commission for permission to examine or to copy evidence in conformity with the provisions of section 2000e—8(a) of this title, * * * the United States district court for the district in which such person is found, resides, or transacts business, shall, upon application of the Commission, have jurisdiction to issue to such person an order requiring him * * * to comply with the demand of the Commission, * * *.

4. The order was appealable under 28 U.S.C.A. § 1291. Cf. Reisman v. Caplin, 1964, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed. 2d 459; Falsone v. United States, 5 Cir., 1953, 205 F.2d 734.

vant to the charge under investigation. Overnite contends that relevancy is the *sine qua non* of any right of the Commission to have access to evidence and to the jurisdiction of the District Court to enforce a demand for access under § 710(b), supra. This view of the Act conflicts with the legislative purpose which was to afford an employer with a judicial rather than an administrative remedy in connection with the Commission's subpoena power. This is embraced in the twenty day relief period under § 710(c). A concomitant part of this purpose was, however, that the investigative process not be delayed by objections filed by the employer after the twenty day period. This further purpose is a part of § 710(c).[5] Relevancy is one of the objections that might be lodged in the twenty day period.

Overnite's answer to this plain statutory concept is two-fold: First, as stated, that the court's jurisdiction rests on a finding of relevancy, and second, that Congress did not intend to convert the District Court into, as Overnite terms it, a "rubber stamp" for the Commission. Our answer to the relevancy argument is that such an objection should have been made by a motion for relief filed under § 710(c) within the twenty day statutory period. Overnite chose instead to contest relevancy with the Commission through correspondence.

■ Our answer to the "rubber stamp" argument is that whether the compliance order is to be granted depends upon the showing made to the court by the Commission. This is a matter left to the court upon the petition of the Commission for enforcement. The employer simply may not object on any ground, here relevancy, which might have been asserted in the twenty day period.

■ It follows also that the employer, being barred from objecting on the grounds of relevancy, may not appeal from the granting of the compliance order on the merits of such ground. Hence we do not reach the question of the court's finding and conclusion with respect to relevancy.

Affirmed.

---

5. This purpose and intent is expressed in the legislative history. Senator Dirksen, in explaining certain changes in the statute said:

"A person has 20 days after service upon him of the demand for the production of documentary evidence or testimony to file with the court a petition to modify or set aside the demand and he may not thereafter raise any other objections in a proceeding by the Commission to enforce that demand unless the court determines that he could not reasonably have been aware of the availability of the new grounds for objection."

110 Cong.Record 12820

The then Senator Humphrey said:

"Section 710 now provides that the Commission if it seeks to compel compliance with its demand for documents or for testimony from witnesses must first go into court and secure an order for compliance. The Commission may, however, formally demand certain documents and if the person upon whom the demand is served objects to the demand, he is required to go to court within twenty days or waive objections to subsequent court orders."

110 Cong.Record 12724