**Robert G. VENN, Appellant,**

**v.**

**UNITED STATES of America and Denis J. Jaster, Special Agent, Internal Revenue Service, Appellees.**

**No. 25111.**

United States Court of Appeals Fifth Circuit.

Aug. 9, 1968.

Robert Shupack, Miami, Fla., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Richard C. Pugh, Joseph M. Howard, John P. Burke, Attys., Dept. of Justice, Washington, D. C., William A. Meadows, Jr., U. S. Atty., Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., for appellees.

Before JONES, WISDOM, and DYER, Circuit Judges.

WISDOM, Circuit Judge:

Robert G. Venn, the appellant, is the president and sole stockholder of the Venn Corporation, successor to Venn Cole & Associates, Inc., a Florida public relations firm that was associated with the Dickinson for Governor Campaign in 1964. Bishopric Green Fielden, Inc. (the taxpayer) handled the advertising for the campaign. The Internal Revenue Service assigned to Denis J. Jaster, Special Agent, defendant-appellee, the task of investigating the taxpayer's tax liability for 1964. In the course of the investigation, Jaster discovered that the taxpayer had issued three checks to Venn Cole totalling $20,000. In order to trace the tax consequences of these checks to the taxpayer, Jaster issued an Internal Revenue Summons to Venn, directing him to appear June 22, 1967, to give testimony and to produce corporation books and records for the year 1964.[1]

1. The summons directed the production of: "The following records of Venn Cole & Associates, Inc. for year 1964
1. General Ledgers
2. General Journals
3. Cash Receipts Journals
4. Accounts Receivable Ledgers
5. Accounts Payable Ledgers
6. Check Distribution Journals
7. Cancelled checks, bank statements and duplicate deposit tickets.
8. Correspondence, bills and invoices issued and received relative to Dickinson Campaign for Florida Governor in 1964"

Venn sued in the district court to quash the summons. The court ordered him to appear before Jaster July 5, 1967. He appeared on that day but declined to produce the requested books and records. He contended that the records were personal to him, since he was the sole stockholder of the corporation; that his privilege against self-incrimination relieved him of the necessity of furnishing the records; that the summons was so broad as to constitute a fishing expedition for purposes of pretrial criminal discovery. The United States filed a petition to enforce the summons, supported by Jaster's affidavit. The Court issued an order to show cause. Venn filed his opposition to the order and moved that the petition be dismissed.

At bottom, Venn's objections rest on the fact that he and his corporation are defendants in a criminal antitrust prosecution currently pending in the Southern District of Florida. In the course of those proceedings, the Government sought, with limited success, discovery of much of the same material specified in the summons. The Government asserts that there is no foundation for Venn's fears. The IRS agents testified in the hearing below that there is no connection between this tax investigation of Bishopric Green Fielden, Inc. and the criminal prosecution against Venn and that the Service has no intention to make use of the material sought for any purpose other than that named in the summons—the liability of the taxpayer.

After a full evidentiary hearing, the district court accepted the Government assurance that there is no pending investigation into Venn's tax liability and that nothing obtained by means of summons would be used in the antitrust action. The Court noted that it was "convinced that Petitioner has made an adequate showing of its need to issue the summons in question," and directed "the parties to work together so that the government may obtain the information it properly seeks without unduly burdening the Respondent."

■ We affirm. The existence of an unrelated criminal prosecution does not tie the hands of the Internal Revenue Service when the defendant happens to have material relating to a third party's tax liability which is under investigation. However, we conclude that the Government has not made the requisite showing that *all* of the material sought is relevant to the tax investigation to which it is keyed.

Venn's situation is unusual. We have found no other case of a third party's resisting a tax summons on the ground that the evidence obtained may be used against him in a criminal prosecution[2] unrelated to the investigation of the taxpayer. Unique facts, however, need not lead to a unique result.[3]

The leading cases on the enforcement of tax summons under 26 U.S.C. § 7602[4]

**2.** The criminal case apparently involves alleged price-fixing of dairy products in the Miami area. An aspect of that case was before this Court in United States v. Hughes, 5 Cir. 1968, 388 F.2d 236, where we considered the propriety of a pretrial disclosure order.

**3.** The appellant's brief fragments the case into thirteen issues; the Government boils these down to three. Other than the questions of possible self-incrimination and relevancy of the material sought, we consider the points raised insubstantial.

**4.** Examination of Books and Witnesses
For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or re-

and 7402(b) [5] are United States v. Powell, 1964, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 and Reisman v. Caplin, 1964, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459. In *Reisman,* an attorney for the taxpayer sued to restrain the enforcement of a summons issued to the taxpayer's accountant, asserting that the material sought was attorney's work-product, and that its seizure would infringe the taxpayer's rights against self-incrimination. The Court held that the action should be dismissed, since the summons of itself had no force, and the taxpayer, whose rights the attorney was seeking to protect, had an adequate remedy at law if judicial enforcement of the summons should be sought. The person summoned could be penalized for failure to comply only if the summons had been enforced by a court under the terms of § 7402(b). "Any enforcement action under this section would be an adversary proceeding affording a judicial determination of the challenges to the summons and giving complete protection to the witness," 375 U.S. at 446, 84 S.Ct. at 512, 11 L.Ed.2d at 464 and appropriate grounds on which the summons could be challenged in the judicial proceeding would include "that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution, * * * as well as that it is protected by the attorney-client privilege." Id. at 449, 84 S.Ct. at 513, 11 L.Ed.2d at 466.

*Powell* dealt with the standards the Internal Revenue Service must meet to obtain judicial enforcement of its summons. The Court held that the statutes did not authorize the courts to hold the IRS to a showing of the nature of probable cause, but that the Commissioner "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." 379 U.S. 57–58, 85 S.Ct. at 255, 13 L.Ed.2d at 119. However, "the burden of showing an abuse of the court's process is on the taxpayer." *Id.* at 58, 85 S.Ct. at 255, 13 L. Ed.2d at 120.

■ It would be a misuse of the tax summons for the IRS to endeavor to use it to obtain evidence for use in an *existing* criminal prosecution. Reisman v. Caplin, 375 U.S. at 449, 84 S.Ct. at 513, 11 L.Ed.2d at 466; Boren v. Tucker, 9 Cir. 1956, 239 F.2d 767, 772–73; United States v. O'Connor, D.Mass.1953, 118 F.Supp. 248. This rule has been applied even when the person summoned and the person prosecuted are not the same. Application of Myers, E.D.Pa. 1962, 202 F.Supp. 212.[6] However, the mere fact that the evidence obtained through the summons may be later used against the taxpayer in a criminal prosecution is no barrier to enforcement.

---

quired to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

    (3) To take such testimony of the person concerned under oath, as may be relevant, or material to such inquiry.

5. Jurisdiction of District Courts.

      \*     \*     \*     \*     \*

    (b) *To Enforce Summons.*—If any person is summoned under the internal revenue laws to appear, to testify, or

to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

26 U.S.C. § 7604(a) is substantially identical.

6. But see In re Magnus, Mabee & Reynard, Inc., 2 Cir. 1962, 311 F.2d 12, which held that indictment of the taxpayer subsequent to the issuance of the summons does not bar judicial enforcement, when the enforcement was delayed as a result of prior judicial proceedings.

Wild v. United States, 9 Cir. 1966, 362 F.2d 206,[7] supra; Sanford v. United States, 5 Cir. 1966, 358 F.2d 685; Boren v. Tucker, supra.

Venn occupies a middle ground. He has not been charged with any offense under the tax laws, nor is his own tax liability or that of his corporation under any question.[8] He is, however, facing trial under a federal indictment.[9] In the course of the pre-trial proceedings in the antitrust case, the Government sought discovery of much of the same material named in the indictment, and the district court granted a major portion of that request. The IRS agent who issued the summons testified that his investigation has no connection whatever with the antitrust prosecution, but is solely for the purpose named in the summons, the determination of the tax liability of Bishopric Green Fielden, Inc. As we noted, in granting enforcement of the summons, the district court accepted, as do we, "the assurance of the Government that there is no pending criminal or civil investigation into the tax liability of Robert Venn nor is one now contemplated." The court included in its order the requirement that "no matter obtained by way of this petition shall be used against Venn in the antitrust suit now pending before the Honorable Ted Cabot in Case No. 65–535–Cr–TC." However, we would be blind as judges to what we know as men were we not to realize that what is known to the Internal Revenue Service may well become known, informally perhaps, to the Antitrust Division of the Department of Justice.

We consider the danger of possible self-incrimination through enforcement of this summons is not great. But it is not insignificant. To obtain enforcement of the summons, the IRS should show that the material sought is relevant to the purpose of the inquiry. Here, the only evidence indicating a financial connection between Venn Cole & Associates, Inc. and the taxpayer corporation consists of three checks the taxpayer issued to the public relations firm when the services of both were employed in a political campaign during the tax year under investigation. The summons, however, asks for virtually all of the financial records of Venn Cole. Jaster, the agent in charge of the investigation, testified that he would need all of the records in order to trace the tax consequences of the three checks. Venn has counter-offered to testify orally about the checks and their purpose. The first asks too much, while the latter gives too little.

■ This is not a case such as we dealt with in First National Bank of Mobile v. United States, 5 Cir. 1947, 160 F.2d 532, where the Service sought disclosure of a major portion of the financial records of a *bank*, approximately six million items, in the course of an investigation of another party. However, the principles we announced there are applicable here. "A third party should not be called upon to produce records and give evidence under the statute unless such records and evidence are relevant to, or bear upon, the matter being investigated," the liability of the taxpayer. 160 F.2d at 533. United States v. Harrington, 2 Cir. 1968, 388 F.2d 520 adopted a similar approach:

[The] judicial protection against the sweeping or irrelevant order is particularly appropriate in matters where the demand for records is directed

---

7. Of course, the Court's enforcement of the summons in these circumstances constitutes no pre-determination of the question whether evidence so obtained may be admissible in a criminal prosecution. Sanford v. United States, supra.

8. The strenuous efforts of Venn's attorneys to learn whether the IRS was in fact investigating Venn and not the taxpayer were largely irrelevant, since the validity of the summons would not be affected if that were the case, except insofar as it might cast doubt on the Government's good faith.

9. The Court has been informed that the antitrust prosecution is set for trial on January 13, 1969, in the United States District Court for the Southern District of Florida.

not to the taxpayer but to a third-party who may have had some dealing with the person under investigation. And so this court has held that a District Court asked to enforce a summons must determine not only whether this burden imposed is unreasonably onerous, but also whether the records sought were relevant to the investigation, not in the sense of an affirmative showing of probable cause, but "whether the inspection sought might have thrown light upon the correctness of the taxpayer's returns." Foster v. United States, 265 F.2d 183 (2d Cir. 1959, cert. denied, 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1960). 388 F.2d at 523–24.

[The] Government may not defend a failure to indicate sufficient relationship of records to the investigation solely on the basis that some chance of relevance exists or some possibility or relation remains, and no one can discern more until after examination. The personal interest cannot be so blithely brushed aside. The question, and it is not always one that lends itself easily to solution, is whether from what the Government already

knows there exists the requisite nexus between taxpayer and records of another's affairs to make the investigation reasonable—in short, whether the "might" in the articulated standard, "might throw light upon the correctness of the term," is in the particular circumstances an indication of a realistic expectation rather than an idle hope that something may be discovered. 388 F.2d at 524.[10]

■ On the record in this case, we conclude that the Government has not made "an adequate showing of its need to issue the summons in question." The order appealed from is modified to require disclosure of all records of Venn Cole relating to the three checks paid to it by the taxpayer, as well as all records relating to the Dickinson for Governor campaign, which material has been shown to be relevant to the investigation. As modified, the order is affirmed.[11] Cf. First Nat. Bank of Mobile v. United States, 160 F.2d at 534.

We have considered the other points raised by the appellant, and consider them to be without merit.[12]

Modified and affirmed.

10. In *Harrington*, the court found that the Government had met the requisite burden, and affirmed the order enforcing the summons. It is notable that the summons in that case, directed to the attorney for the taxpayer's divorced wife, was specifically limited to records "in connection with the Wood divorce and settlement actions." 388 F.2d at 522.

11. The government may of course return to the court should it believe that full disclosure has not been made under the terms of the order as modified. Should later investigation indicate that additional relevant information may be found in Venn Cole's records, a new summons may be issued, and, if necessary under the proper legal standards, enforced.

12. Venn urges strenuously that he was prejudiced by the denial of his motion to take depositions from various IRS personnel, and by the fact that the case was brought to the court by a petition, rather than the complaint and answer of a nor-

mal civil action. We do not find that there was any prejudice in this procedure, as the information which Venn sought would have been irrelevant to the issues in this proceeding. This does not mean that discovery would always be improper in cases of this nature. Cf. United States v. Moriarty, E.D.Wis.1967, 278 F.Supp. 187. Although a footnote in United States v. Powell, 379 U.S. at 58. n. 18, 85 S.Ct. at 255 n. 18, 13 L.Ed.2d at 120 n. 18, indicates that the Federal Rules of Civil Procedure apply to proceedings to enforce a tax summons, we have previously ruled that the thrust of this decision is that the parties must be given a full opportunity in an adversary hearing to present their case. Dunn v. Ross, 5 Cir. 1966, 356 F.2d 664, 667–668, citing McGarry's, Inc. v. Rose, 1 Cir. 1965, 344 F.2d 416, 418. We are unable to find that any prejudice was occasioned by the use here of the abbreviated procedure traditional in summons enforcement cases.