**WURLITZER COMPANY (HOLLY SPRINGS DIVISION), Petitioner,**

v.

**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Respondent.**

**No. WC 7016.**

United States District Court,
N. D. Mississippi, W. D.
July 30, 1970.

422

L. G. Fant, Jr., Holly Springs, Miss., Carl S. Downing, New Orleans, La., for petitioner.

David R. Cashdan, Charles L. Reischel, E.E.O.C., Washington, D. C., for respondent.

MEMORANDUM OPINION

KEADY, Chief Judge.

Petitioner Wurlitzer filed this petition to set aside respondent Equal Employment Opportunity Commission's demand for evidence pursuant to 42 U.S.C. § 2000e-9(c).[1] The petition raises important questions regarding the extent to which discovery should be allowable in proceedings that challenge administrative subpoenas.

This litigation was first set in motion on April 1, 1969, when Mrs. Marlean Isom, a former Wurlitzer employee, filed with the Equal Employment Opportunity Commission (EEOC) a charge[2] of employment discrimination because of race. On February 20, 1970, EEOC made a demand for evidence, in the form of company records, on Wurlitzer; an informal hearing was promptly held at which some of the evidence requested was produced, following which Wurlitzer filed with EEOC an opinion letter from its attorney setting forth its position with respect to the discharge of Mrs. Isom. A second demand for evidence was then made by EEOC, and on April 2, 1970, within the twenty-day limitation period imposed by § 2000e-9(c), Wurlitzer petitioned the district court to modify or set aside EEOC's second demand for evidence, alleging that all evidence requested had already been given, and specifically setting out how each of the 9 points in the second demand for evidence was either already in EEOC's possession, irrelevant to the charge, or unduly burdensome for petitioner to produce. EEOC answered the petition, asserting need for the further evidence and denying that the data sought was irrelevant to the charge or unduly burdensome, and petitioned the court for an order enforcing the demand for evidence pursuant to 42 U.S.C. § 2000e-9(b).

On June 22, 1970, petitioner served on respondent 73 interrogatories, to which respondent objected; petitioner moved the court to compel respondent to answer

1. § 2000e–9(c) provides:
 Within twenty days after the service upon any person charged under section 2000e–5 of this title of a demand by the Commission for the production of documentary evidence or for permission to examine or to copy evidence in conformity with the provisions of section 2000e–8(a) of this title, such person may file in the district court of the United States for the judicial district in which he resides, is found, or transacts business, and serve upon the Commission a petition for an order of such court modifying or setting aside such demand. The time allowed for compliance with the demand in whole or in part as deemed proper and ordered by the court shall not run during the pendency of such petition in the court. Such petition shall specify each ground upon which the petitioner relies in seeking such relief, and may be based upon any failure of such demand to comply with the provisions of this subchapter or with the limitations generally applicable to compulsory process or upon any constitutional or other legal right or privilege of such person. No objection which is not raised by such a petition may be urged in the defense to a proceeding initiated by the Commission under subsection (b) of this section for enforcement of such a demand unless such proceeding is commenced by the Commission prior to the expiration of the twenty-day period, or unless the court determines that the defendant could not reasonably have been aware of the availability of such ground of objection.

2. That charge is in the following language:
 I went to work with Wurlitzer on the 16th of December 1968 and after training for two weeks I went on the 12 PM to 8:30 PM shift. I was one of three persons in my work apartment (sic), and the only Negro. I quickly achieved my production level and my average production was beyond the minimum required. On the 14th of March 1969, I was called in and told that I was no longer needed by the Company.
 None of the foremen or supervisory personnel was nor is Negro.
 I feel that I was fired because of my race.

the interrogatories, and following oral argument and briefing, the case is now before the court for decision on the objections interposed to the interrogatories.

Respondent has withdrawn its earlier contention that the Federal Rules are totally inapplicable here, and now asserts that although discovery is not necessarily improper in subpoena enforcement proceedings, the abbreviated procedure traditionally employed in such proceedings should be followed in the absence of a showing of real prejudice to the party seeking discovery, citing Venn v. United States, 400 F.2d 207, 212, Fn. 12 (5 Cir. 1968). Since a § 2000e-9(c) proceeding is itself essentially a discovery proceeding, respondent argues, allowing the extensive interrogatories filed by petitioner would be to pile discovery upon discovery, thereby delaying disposition of the merits of the controversy in violation of the purpose of both the statute and the federal rules. Respondent further suggests that the only purpose of petitioner's interrogatories is to harass and delay the investigation by the EEOC, an overburdened and understaffed government agency whose function is to protect employees against invidious discrimination by employers, and petitioner, which is the party objecting to the demand for evidence, is attempting through its interrogatories to shift the burden of proof from itself to respondent. Respondent also contends that certain interrogatories are objectionable because they call for purely legal conclusions, and that others seek information which respondent has already given to petitioner, i.e., that a charge of racial discrimination always infers a policy or practice of class discrimination, thereby making an employer's treatment of other employees relevant.

Petitioner argues, on the contrary, that its interrogatories are not for the purpose of delay, but solely to inform petitioner with clarity and precision what issues are raised by the charge made against it. Petitioner also urges that respondent effectively withdrew its objections to interrogatories by admitting that the federal rules may apply to 2000e-9(c) proceedings, and that respondent's objections are procedurally defective because they are not sufficiently specific to meet the requirements of amended Rule 33.[3]

 It was well-settled under the federal rules in effect prior to July 1, 1970, that in conventional lawsuits in federal court, objections to interrogatories had to be specific, and general objections that the information sought was irrelevant, immaterial, oppressive, conclusory or already in possession of the requesting party were insufficient.[4] Amended Rule 33 (Fn. 3, supra), which requires specific objection to each interrogatory not answered, merely codifies the prevailing case law. Therefore, it is immaterial whether the objections be considered under the former rule or the rule as presently amended.

 Although the requirement of specific objections certainly does apply to conventional litigation, the case at bar is not of that character but a special proceeding to test the validity of an administrative summons. In such proceedings the court may, in its discretion, apply the federal rules, but is not required to do so. *Venn*, supra. Here, respondent is not objecting to the content of specific interrogatories as in a conventional suit, but to the propriety of allowing interrogatories at all in a summary proceeding such as this. In light

---

3. Rule 33, F.R.Civ.P.:
 * * * Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer * * *.

4. 4 Moore, Federal Practice, § 33.27, pp. 2414–2415; 2A Barron & Holtzoff, Federal Practice & Procedure, Rules Edition, p. 374, para. 775.

of the nature of this proceeding, we hold that respondent's objections are sufficient to challenge the propriety of allowing interrogatories in this case. In so holding, we do not imply that the federal discovery rules are inapplicable to § 2000e-9(c) proceedings. Rule 81(a)(3)[5] specifically states that the rules are applicable unless otherwise provided by statute or ordered by the court. Rule 81(a)(3) has been generally interpreted to mean that discovery should be allowed in summons enforcement proceedings only where necessary to provide "a meaningful adversary hearing of legitimate challenges."[6]

The legislative purpose in enacting § 2000e-9(c) was to afford employers an impartial, judicial review of administrative subpoenas, Overnite Transportation Co. v. EEOC, 397 F.2d 368, 369 (5 Cir. 1968), and thus avoid oppressive use by over-zealous administrators of their extensive investigative powers.[7] In order to prevent delaying tactics of employers, however, the statute requires employers to object to administrative subpoenas within 20 days of demand. For legislative history of the Act, see *Overnite*, supra, p. 370. We must here weigh these two conflicting equities and strike a balance protecting each party from the alleged excesses of the other. In the final analysis this task, in its broadest sense, goes to the merits of Wurlitzer's petition upon which we do not now rule. The sole question presently before us is the propriety of petitioner's interrogatories.

Those interrogatories fall into three basic groups: (1) interrogatories 1–6 ask whether the EEOC investigation is limited to Mrs. Isom's charge of racial discrimination filed April 1, 1969; (2) interrogatories 19–20, 36–37, 52–58 and 60–62 ask whether EEOC already has the evidence demanded; (3) interrogatories 7–18, 21–35, 38–51, 59 and 72–73 ask how the evidence demanded is relevant and material to the April 1, 1969 charge. Interrogatories 63–70 seem to fall into all three categories; interrogatory 71 in effect asks for a bill of particulars on Demand # 9.

To determine the extent of discovery necessary for a meaningful adversary hearing in a § 2000e-9(c) proceeding, we consider first the purposes of such a proceeding. This appears to be an original question since no case now seems directly in point.

The only case cited by petitioner in which a court allowed an employer to serve interrogatories on the EEOC is South Central Bell Telephone Co. v. EEOC, E.D.La., 314 F.Supp. 349, decided Feb. 23, 1969. In that § 2000e-9(c) proceeding the employer had sought to depose the EEOC investigator to determine whether there was any relevant evidence which the employer had not already furnished. After EEOC objected on the ground that such information was privileged, the court held that the employer had not shown sufficient need for the information to overcome the privilege, but that it might serve interrogatories on EEOC's General Counsel to allow the court to rule on the employer's need for each item of information separately. Since the basic question related to executive privilege, and the employer's use of interrogatories was not questioned by EEOC or the court, that case is not controlling here.

5. Rule 81(a)(3):

 * * * These rules apply to proceedings to compel the giving of testimony or production of *documents* in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings.

6. United States v. Benford, 406 F.2d 1192, 1194 (7 Cir. 1969); United States v. Howard, 360 F.2d 373, 381 (3 Cir. 1961).

7. See 42 Am.Jur. 323–326, Public Administrative Law, §§ 31, 32.

■ Here, as in the usual § 2000e-9(c) case, the petitioner holds all the factual evidence, while the only evidence respondent might have would be the data previously furnished by petitioner and the charge filed by the employee. We agree that employees' charges have been broadly construed by the courts to infer discrimination not readily apparent from the language of the charge.[8] This may render it difficult for a petitioner to determine with precision the issues raised by the charge but if respondent attempts to include theories of discrimination not evident on the face of the charge, the burden will be upon respondent at the hearing to persuade the court that such theories may be reasonably inferred from the charge and the facts.[9] This is a purely legal question beyond the pale of conventional discovery. Also, in spite of the language of amended Rule 33 stating that interrogatories may ask for legal theories where intertwined with factual questions, in a summons enforcement proceeding under § 2000e-9(c) petitioner would not ordinarily be entitled to further information concerning the purely legal import of the charge, which speaks for itself. In this case, petitioner has failed to show any true need for discovery, such as might be involved in a quest to determine the Commission's jurisdiction or other basic facts necessary to make the adversary hearing meaningful.

Furthermore, if we upheld petitioner's interrogatories, there would appear no reason why respondent could not serve interrogatories upon petitioner to elicit all information sought by the demand for evidence on the ground that respondent could not properly defend against the petition without full factual information.

It is also important to note that the investigative procedures presently being followed by respondent are solely with a view to conciliation between petitioner and respondent. The Civil Rights Act does not authorize the EEOC to bring suit against employers, and expressly forbids the use by the Commission of any evidence in a subsequent proceeding. We pretermit the question of whether this bar is applicable to a subsequent suit brought by an employee.[10]

■ For the above reasons, we hold that to force respondent to answer the interrogatories objected to would unduly delay ruling on the merits of the petition in violation of the purposes of § 2000e-9 and that petitioner has already been sufficiently informed of the facts and legal theories on which the charge is based to proceed without prejudice in an adversary hearing on the merits. Respondent's objections to petitioner's interrogatories will, therefore, be sustained.

Accordingly, an order will be entered this date.

8. Sanchez v. Standard Brands, Inc., 5 Cir., 431 F.2d 455.

9. United States v. Powell, 379 U.S. 48, 57, 85 S.Ct. 248, 13 L.Ed.2d 112, 119 (1964); *Overnite*, supra, 397 F.2d at 370; *Venn*, supra, 400 F.2d at 212; Dunn v. Ross, 356 F.2d 664, 667 (5 Cir. 1966).

10. 42 U.S.C. § 2000e-5(a); 42 U.S.C. § 2000e-8(e).