**UNITED STATES of America and Donald A. Jacobsen, Revenue Agent, Internal Revenue Service, Petitioners,**

v.

**LOMAR DISCOUNT LIMITED, Respondent.**

**No. 73 C 1811.**

United States District Court, N. D. Illinois, E. D.

Nov. 21, 1973.

Sheldon R. Waxman, Asst. U. S. Atty., James R. Thompson, U. S. Atty., Chicago, Ill., for petitioners.

Harvey M. Silets, of Harris, Burman & Silets, Chicago, Ill., for respondent.

## MEMORANDUM OF DECISION

LYNCH, District Judge.

Pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code, petitioners have brought this action to enforce an Internal Revenue Service summons issued to the respondent. In preparation for the hearing on enforcement of the summons the respondent filed notices to take the depositions of an Internal Revenue Agent and a United States Deputy Marshal and also requested the production of certain documents in the possession of the government. The instant cause is now before this Court on the government's motion to quash notice of depositions of the two federal agents and also to deny respondent's motion for the production of documents.

In Kennedy v. Rubin, 254 F.Supp. 190 (N.D.Ill.1966), this Court noted the applicability of the Federal Rules of Civil Procedure to this type of proceeding, as clearly enunciated by the Supreme Court in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

We are convinced, pursuant to respondent's argument, that denial to him of the opportunity to conduct pretrial discovery would render meaningless his right to challenge the summons issued herein. Once we have decided to make use of orderly procedural principles calculated to insure fair adjudication of issues, and to deny application of summary procedure sought by petitioner, it would be defeating to deny

respondent a very basic element thereof, and to reintroduce "surprise" into federal litigation. Indeed, it would seem mandatory to hold that no action falling under the Federal Rules should be exempt from discovery machinery. \* \* \* If as the Supreme Court stated in Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), a respondent to an enforcement petition is entitled to a "completely protected" hearing to judicially determine the merits of his challenges to the summons, pretrial discovery would seem essential. To suspend discovery would be to reinstate the "summary" procedure which we have just refused to apply, and to make the "protected" hearing demanded by the Supreme Court a meaningless shell of formalism. 254 F.Supp. at 193.

The government has presented to us the case of United States v. Turner, 480 F.2d 272 (7th Cir. 1973), for the proposition that suspension or limitation of pre-hearing discovery in an Internal Revenue Service summons enforcement proceeding is proper where the agent issuing the summons is available for in-court examination. In fact, however, the Seventh Circuit Court of Appeals in *Turner* held that the district judge did not abuse his discretion in limiting discovery in a summons enforcement proceeding because the government produced at the hearing each of the agents involved in the investigation including those with knowledge as to the purpose of the audit. In this case, unlike *Turner*, the government has represented to this Court that it will call only one revenue agent and specifically opposes depositions of additional agents who may have significant knowledge concerning the investigation.

In upholding the lower court's limitation of prehearing discovery the Court of Appeals, in *Turner*, significantly noted that:

Although the district court denied the production of government documents in this case, it did permit the in-court examination of the agents involved in summoning the names of Turner's clients. It has been recognized that such an expedited substitute for complete discovery is an acceptable alternative. 480 F.2d 272, at 275.

The government in the instant cause does not present such an "acceptable alternative" and accordingly this court does not find the reasoning in *Turner* controlling. On the contrary, the Court notes the decision in United States v. Moriarty, 278 F.Supp. 187 (E.D.Wis. 1967), affirmed 435 F.2d 345 (7th Cir. 1970) which, in rejecting the government's objections and permitting the deposition of a special agent in an enforcement proceeding, emphasized that "the benefits of pre-hearing discovery may be of special importance in these proceedings where the taxpayer has the burden of establishing a bar to enforcement under the holding in United States v. Powell, 379 U.S. 48, 58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)." 278 F.Supp. at 188.

In a decision which later became moot because of an intervening indictment and thus never reached issue in the Seventh Circuit, Judge Steckler, Chief Judge for the United States District Court for the Southern District of Indiana, entered a discovery order granting the respondent's motion to depose four Internal Revenue Service Agents and to produce certain documents. See United States v. Monsey, 429 F.2d 1348 (7th Cir. 1970). Likewise, in United States v. Hayes, 408 F.2d 932 (7th Cir. 1969), the Seventh Circuit Court of Appeals recognized that the scope of pre-hearing discovery was within the sound discretion of the trial judge.

In reliance on these authorities, this Court granted the respondent's motion for the deposition of a special agent in a summons enforcement proceeding. See United States v. Schennault, 72 C 1120 (N.D.Ill. June 15, 1972).

 Besides the cases cited above in the Seventh Circuit holding that a respondent is entitled to pre-hearing discovery in order to adequately prepare his defense, other courts have also approved discovery in summons enforcement proceedings. In United States v. Roundtree, 420 F.2d 845, 851–852 (1970), the Fifth Circuit Court of Appeals has succinctly enunciated the position stated by this Court.

We conclude that the taxpayer is entitled to investigate the IRS' purpose where such purpose has been put in issue and may affect the legality of the summons. Rule 26(b) instructs us that a party is entitled to examine a deponent on "any matter, not privileged, which is relevant to the subject matter involved in the pending action." The District Court has authority to curtail the deposition if it is conducted unreasonably. Federal Rules of Civil Procedure 30(d).

 Finally, the government has posited the theory that "public policy mandates the disallowance of respondent's requested discovery." In support of its argument, the government cites the decision in United States v. Salter, 432 F.2d 697, 699–700 (1970) where the First Circuit Court of Appeals denied broad discovery on the grounds, *inter alia*, that it would further "extensive delays" and jeopardize the integrity and effectiveness of the entire investigation. This Court believes that the undesirable effects of extensive delay and jeopardy to the investigation in the instant case can be avoided by relief at a later date, if proper, under Rule 30(d) of the Federal Rules of Civil Procedure, and that furthering of any public policy is far outweighed by the respondent's inability to prepare his defense if pre-hearing discovery is denied.

 Under the facts and circumstances of this case, where the in-court examination of government officials possessing knowledge concerning this investigation relating to this suit would be severely curtailed by the government's decision to call only one revenue agent, the denial of pre-hearing discovery would drastically diminish the respondent's ability to prepare his defense. Accordingly the government's motion to quash notice of depositions and to deny respondent's motion for the production of documents is hereby denied. If the government feels at a later time that the depositions are being conducted in an unreasonable fashion, the proper procedure is to apply for relief from this Court under Rule 30(d) of the Federal Rules of Civil Procedure which specifically provides for the limiting of discovery under proper circumstances. In this manner the interests of both the government and the respondent can properly be accommodated.