Charles F. SCHULZE, Special Agent, Internal Revenue Service, Petitioner-Appellee,

v.

Arthur T. RAYUNEC, Auditor LaSalle National Bank, Chicago, Illinois, Respondent-Appellee,

Jackson L. Boughner, Intervener-Appellant.

No. 15157.

United States Court of Appeals Seventh Circuit.

July 13, 1965.

Rehearing Denied Aug. 19, 1965.

Certiorari Denied Nov. 15, 1965.

See 86 S.Ct. 293.

William A. Barnett, Chicago, Ill., Crowley, Barnett & Goschi, Chicago, Ill., of counsel, for intervener-appellant, Jackson L. Boughner.

Louis F. Oberdorfer, Asst. Atty. Gen., Tax Division, Burton Berkley, Atty., Department of Justice, Washington, D. C., Murray Westler, Chicago, Ill., Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Joseph M. Howard, Assts. to the U. S. Atty., Chicago, Ill., Thomas J. Curoe, Asst. U. S. Atty., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., of counsel, for petitioner-appellee.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

This is a companion case to No. 15036, Tillotson, Special Agent, Internal Revenue Service v. Boughner, 7 Cir., 350 F.2d 663. Jackson L. Boughner, the defendant-appellant in No. 15036, is the same person as Jackson L. Boughner designated as intervener-appellant in the instant case.

This is an appeal by intervener-appellant Boughner from an order entered by the District Court on May 10, 1965, directing respondent Arthur T. Rayunec, Auditor of the LaSalle National Bank, to produce certain of the bank's records in compliance with an Internal Revenue Service summons issued to him on February 17, 1965.

On April 7, 1965, a petition was filed in the District Court to enforce an Internal Revenue Service summons which, the petition alleged, was issued in furtherance of Special Agent Schulze's investigation into the tax liability of John Doe, the unknown taxpayer or taxpayers on whose behalf Jackson L. Boughner delivered to the Internal Revenue Service a cashier's check drawn on the LaSalle National Bank in the amount of $215,499.95.

The petition further alleged that the summons sought production of certain bank records which would relate to the depositing of funds for and the requisition and issuance of the above described cashier's check.

On April 9, 1965, petitioner moved for immediate enforcement of the summons and intervener appeared in open court and presented his motion for leave to file a motion to intervene.

On April 28, 1965, the Court overruled the objections of respondent bank and directed compliance with the summons. The order was stayed until May 10, 1965, and intervener was granted leave to file his motion to intervene together with verified pleadings. Briefs were ordered, and the matter was set for hearing on May 10, 1965.

On May 10, 1965, the Court granted the motion to intervene, denied all relief demanded by intervener, and ordered enforcement on May 13, 1965. The instant appeal was filed on May 12, and the effective date of the order issued herein was stayed pending decision of

the instant case, and also of the earlier appeal, No. 15036.

In his answer and crossclaim, the intervener relied on several defenses such as 1) the bank was acting as the agent of intervener, hence the confidential information received by intervener applies to the bank because of the attorney-client privilege; 2) any disclosures would violate the bank's fiduciary duty to its customers; 3) the summons was invalid because it was issued in aid of a criminal investigation, and 4) the summons was invalid because it was issued in aid of an investigation which did not relate to the liability of any known taxpayer.

■ When Boughner purchased the cashier's check upon behalf of the anonymous taxpayer, Boughner personally did not acquire any rights concerning the bank's books or its records. The relationship which was established was that of debtor and creditor. See Application of Cole, 2 Cir., 342 F.2d 5, 7–8; Zimmerman v. Wilson, 3 Cir., 105 F.2d 583, 586; DeMasters v. Arend, 9 Cir., 313 F.2d 79, 85 (Fn. 11).

Boughner relies on several cases which hold that when a client makes a confidential communication to an attorney in the presence of persons such as an accountant or private detective or a doctor who has been hired by an attorney because his services are necessary to enable him to give legal advice, such communications are protected by the attorney-client privilege. We think these cases are inapposite.

In such cases, the agent was actually hired by the attorney of the client to facilitate the communication of confidential legal advice. It is evident that in the instant case, the bank was not hired by the intervener for any such purpose.

In Radiant Burners, Inc. v. American Gas Association, 320 F.2d 314, 98 A.L.R. 2d 228 (1963), this Court, sitting en banc, considered the attorney-client privilege. We quoted with approval at page 319 of 320 F.2d the elements necessary for such privilege: " '(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.' 8 Wigmore § 2292."

■ We have held in Tillotson v. Boughner, 7 Cir., 350 F.2d 663, in a decision handed down this date, that Boughner, the attorney for an undisclosed client, could refuse to disclose the identity of the person who contacted him for advice as to how to make a voluntary payment with Internal Revenue Service without disclosing the name of the attorney for the taxpayer who consulted him.

We think the instant situation is far different. The LaSalle National Bank was not hired or employed to render any confidential service. The communication, if any, of the client's name was not made in order to enable the bank to aid Boughner in giving any legal advice. In fact, it was not absolutely necessary to disclose the client's name. Boughner could have purchased the cashier's check by currency, although a currency transaction involving $215,000 would, undoubtedly, have been quite unusual.

Although we have held in Tillotson v. Boughner, supra, that Attorney Boughner may claim attorney-client privilege, and cannot be compelled to divulge the name of the attorney who contacted him for legal advice, we do not think intervener Boughner can clothe the bank records with the same privilege under the facts and circumstances of this case.

We hold that the records of the bank pertaining to the cashier's check which intervener transmitted to Internal Revenue Service on July 27, 1961, are not clothed with the attorney-client privilege.

We have considered the other defenses raised by intervener. We hold them to be without merit under the facts of this case.

The order of the District Court of May 10, 1965, directed to auditor Arthur T. Rayunec, must be affirmed.

We realize that there might be a possibility that the bank records would furnish the lead which would eventually disclose the taxpayer's name. However, we are not here concerned with that possibility. In Tillotson v. Boughner, supra, as well as in the case at bar, we have decided the claims of attorney-client privilege on the facts involved in each case. We must let the chips fall where they may.

Affirmed.