**UNITED STATES of America,
Petitioner-Appellee,**

v.

**Fannye Jenkins BENFORD, Respondent-
Appellant,**

v.

**Fred T. MACKEY, Intervenor-Appellant.**

**No. 16771.**

United States Court of Appeals
Seventh Circuit.

Feb. 11, 1969.

F. Laurence Anderson, Jr., Gary, Ind.,
for respondent-appellant Fannye Jenkins Benford.

Robert J. Downing, William M. Ward,
Chicago, Ill., for intervenor-appellant
Fred T. Mackey. Raskin, Downing &
Dammann, Chicago, Ill., of counsel.

Alfred W. Moellering, Fort Wayne, Ind., Mitchell Rogovin, John P. Burke, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., for appellee. Alfred R. Uzis, Asst. U. S. Atty., of counsel.

Before FAIRCHILD, CUMMINGS and KERNER, Circuit Judges.

FAIRCHILD, Circuit Judge.

Proceeding to compel attendance, testimony, and production of records pursuant to summonses under the internal revenue laws.[1] One of the taxpayers who are the subjects of the investigation has appealed from an order denying leave to intervene. The person summoned has appealed from an order requiring her to appear, testify, and produce records.

Fannye Jenkins Benford is treasurer of three corporations, Gibraltar Industrial Life Insurance Co., Gibraltar Mutual Life Insurance Company, and M. W. E. & S. Investment Co., Inc. Internal Revenue Service summonses were served upon her requiring her to appear before an agent and produce the "books and records, cancelled checks, minute books and stock transfer books" relating to the operation of each corporation for the years 1961 to 1965, inclusive. Each summons was issued in the matter of the tax liability of Fred and Ella Mackey. A general idea of the relationship between the corporations and the Mackeys during the earlier years, 1956 to 1960, inclusive, can be gained from the opinion of this court in United States v. Mackey.[2]

Mrs. Benford wholly failed to comply, and this proceeding was commenced by petition and order to show cause.[3]

Taxpayer Fred Mackey's amended motion to intervene was denied. After a hearing, Mrs. Benford was ordered to comply with the summonses. The order has been stayed, pending appeal.

*Intervention by taxpayer.*

Fred Mackey's amended motion asserted that his opportunity for discussion with counsel was impaired because he was in custody under sentence in United States v. Mackey, already referred to. He submitted an answer which put in issue the averments of the agent's petition as to the agent's authority, the relationship of the desired records to Mackey's income tax liability, and the service of the summonses. As affirmative defenses, he averred that the purpose of the investigation is to obtain evidence for use in a criminal prosecution and that the summonses were issued either to harass him or put pressure on him to settle litigation concerning his tax liability for 1956–1960.

The district court, in an able opinion, concluded (1) that Mackey had shown no proprietary or other special interest in the records to be produced and (2) that his being the taxpayer whose liability is under scrutiny is not, standing alone, a sufficient basis for intervention. The district court denied intervention holding that the *Reisman* and *Powell*[4] decisions of the Supreme Court of the United States do not require a different result.

If the import of *Reisman* and *Powell* were closely confined to their facts, we could well agree with the district court.

In *Reisman*, where the Court said that the taxpayers could intervene in a proceeding to secure compliance with summons, the persons summoned were accountants, employed by taxpayers' law-

---

1. 26 U.S.C. secs. 7402(b) and 7604(a).

2. (7th Cir. 1965), 345 F.2d 499.

3. Rule 24, N.D.Ind., provides for this form of procedure. See Rule 81(a) (3) F.R. Civ.P.

4. Reisman v. Caplin (1964), 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459; United States v. Powell (1964), 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112.

yers; the documents sought were alleged to be the work product and trial preparations of the attorneys; and taxpayers' relationship to the documents was claimed to be such that seizure would be unreasonable, would require the taxpayers to incriminate themselves, and would deprive them of effective assistance of counsel.

In *Powell*, where the Court said the taxpayer is entitled to an adversary hearing before enforcement is ordered, the taxpayer was a corporation, the records to be produced belonged to it, and the person summoned to produce them was its president. It was also an instance where the taxpayer's records for the years in question had been previously examined and 26 U.S.C. sec. 7605(b) required written notice to the taxpayer for that reason.

Thus, in both *Reisman* and *Powell*, the taxpayers could spell out such relationship with the records sought that compulsion of disclosure might arguably impair taxpayers' constitutional or other legally protected rights. In each case, the taxpayer's basis for intervention was a demonstrated "interest" more specific and palpable than his concern that the evidence might aid the government in increasing his liability for taxes.

■ But the opinions did not qualify the broad statements that "both parties summoned and those affected by a disclosure may appear or intervene before the District Court and challenge the summons by asserting their constitutional or other claims"; [5] that "In addition, third parties might intervene to protect their interests, or in the event the taxpayer is not a party to the summons before the hearing officer, he, too, may intervene"; [6] that "This does not make meaningless the adversary hearing to which the taxpayer is entitled before en-

forcement is ordered." [7] The opinions did not expressly, and, as we read them, did not impliedly, limit the taxpayer's right to intervene in enforcement proceedings to situations where a legally protected interest in the records could be shown. Had the Court intended simply to hold that the particular interests of the taxpayers involved in those cases were sufficient bases for intervention, the opinions would doubtless have made that evident. We interpret them as adopting the judicial policy with respect to I.R.S. inquisitorial summonses that the person whose tax liability is the subject of the investigation can intervene and challenge enforcement if he sees fit.

■ The rule that the taxpayer may intervene and is entitled to an adversary hearing before enforcement is ordered does not, in our opinion, extend *carte blanche* to obstruct and delay the enforcement proceeding. Rule 81(a) (3) F.R.Civ.P. contemplates that in any particular enforcement proceeding the court may modify or limit the applicability of the federal rules.[8] Mr. Mackey has called our attention to district court decisions holding that a respondent in an enforcement proceeding is entitled to conduct pretrial discovery.[9] Both of those decisions recognized that under Rule 81(a) (3) there would be cases where it would not be an abuse of discretion to bar discovery, and both recognized that the court could limit the scope of and time for taking depositions. The standard, as we see it, is that taxpayer must be afforded a meaningful adversary hearing of legitimate challenges.

■ We conclude that Mackey should have been permitted to intervene, and that the proceeding must be reopened

5. *Reisman*, 375 U.S. p. 445, 84 S.Ct. p. 511.

6. *Reisman*, 375 U.S. p. 449, 84 S.Ct. p. 513.

7. *Powell*, 379 U.S. p. 58, 85 S.Ct. p. 255.

8. See 1946 Committee Note, 7 Moore's Federal Practice p. 4413.

9. Kennedy v. Rubin (N.D.Ill.1966), 254 F.Supp. 190; United States v. Moriarty (E.D.Wis.1967), 278 F.Supp. 187.

sufficiently to give him his day in court on the issues raised by his answer.

*Enforcement against Mrs. Benford.*

The summonses, served August 11, 1967, required Mrs. Benford to appear and produce the books and records, cancelled checks, minute books and stock transfer books of the three corporations August 23. She did not comply. The place of appearance was the business office of the three corporations, and the production of the records presented no physical problem. The opinion in United States v. Mackey [10] indicates the close relationship between Mackey and the corporations during the preceding five years.

The district court's order required Mrs. Benford to show cause November 16, 1967. Her counsel entered an appearance November 30. The hearing was adjourned several times, and held March 18, 1968. She filed no answer nor affidavit in response to the order to show cause.

On March 18, her counsel orally challenged the summonses on the ground they were too broad and oppressive. The district court declined to permit inquiry into those grounds because nothing had been filed on her behalf in response to the order to show cause.

Under all the circumstances, we think the district court did not abuse its discretion in foreclosing inquiry into those grounds at the hearing. Although the order requiring her to comply must be vacated to permit Mackey to intervene and be heard, the district court need not, unless in its discretion it sees fit, reopen the hearing to permit Mrs. Benford to advance objections.

The order entered March 8, 1968 denying Fred Mackey's motion to intervene is reversed. The order entered March 18, 1968 is vacated. The cause is remanded for further proceedings consistent with this opinion.