**1104**

UNITED STATES of America, and Ralph
H. Bergstrom, Special Agent, Internal
Revenue Service, Petitioners,

v.

David A. LEARNER, as President of
Learner's Sales and Service, Inc.,
Respondent,

Kevin L. Donaldson, a/k/a Merton H.
Sweet, Applicant for Intervention,

Merton H. SWEET, a/k/a Kevin L. Don-
aldson, Petitioner and Movant,

v.

David A. LEARNER, President, Learner's
Sales and Service, Inc., Respondent.

Civ. A. Nos. RI–259, RI–248.

United States District Court
S. D. Illinois, N. D.

April 29, 1969.

Richard E. Eagleton, U. S. Atty., Peoria, Ill., James H. Jeffries, III, Trial Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., for petitioners the United States and Ralph H. Bergstrom.

Samuel M. Gilman, Rock Island, Ill., for respondent David A. Learner.

Louis L. Meldman & Robert E. Meldman, Milwaukee, Wis., Gary T. Rafool, Peoria, Ill., for petitioner Kevin L. Donaldson.

### DECISION AND ORDER

ROBERT D. MORGAN, District Judge.

This litigation began on August 20, 1968 with the filing by "Merton K. Sweet, a/k/a Kevin L. Donaldson" (now apparently correctly known as Kevin L. Donaldson and hereinafter called "Donaldson") of a Petition and Motion for Restraining Order, as Case No. RI–248 in this Court, against David A. Learner, President, Learner's Sales and Service, Rock Island, Illinois, his agents and attorneys, to enjoin compliance with a "Summons" (IRS Form 2039A) issued to Learner by Ralph H. Bergstrom, Special Agent of the United States Treasury Department, Internal Revenue Service, "until such time as an order of a court of competent jurisdiction has been issued requiring the respondent's compliance with said summons." The said summons called for appearance on August 26, 1968, with company records concerning automobile sales, trade-in and financing transactions with Donaldson for the years 1964 through 1967. Donaldson asserted under oath that any such papers are copies of papers he has, that it is his tax liability which is being investigated, that the material is not relevant or material to a lawful subject of inquiry, and that he is informed and believes that "the information sought by the Internal Revenue Service is for use in a criminal prosecution relating to the Internal Revenue laws."

This court, based on dictum in Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), issued such temporary restraining order on one day's notice to respondent Learner and on the filing of a $500 surety bond.

Subsequently, on January 6, 1969, without reference to the prior and pending action, the government and Mr. Bergstrom filed a verified Petition to Enforce Internal Revenue Summons, as Case No. RI–259 in this court, against the same Mr. Learner, and this court on that day entered an order directing Mr. Learner to show cause, on February 11, 1969, why

he should not be compelled to obey the summons. By direction of the court, counsel for Donaldson were given notice of such hearing.

Mr. Learner, the respondent in both actions, appeared in both by counsel on January 13, 1969, and filed and served a motion to dismiss or, in the alternative, to consolidate the two cases, pointing out, quite understandably, that the only reason he was not in compliance with the summons was that he had been directed by order of the court not to comply therewith.

Under date of January 30, 1969, Donaldson appeared in RI–259 and filed and served a motion to intervene as respondent, an answer to the petition, and notice that the motion would be called up for hearing on February 11, at the time of the hearing on order to show cause. The answer denied the statutory basis for the enforcement proceeding, denied that the investigation was to determine tax liability, denied that the records sought were essential to determination of tax liability, and denied "each and every allegation contained in the Petition not heretofore expressly admitted, qualified or denied." Donaldson's answer further alleges affirmatively that the investigation is really "for the express and sole purpose of obtaining evidence concerning any violations of the criminal statutes * * *," and that, as the subject of a criminal investigation, he is entitled to protection from unreasonable searches and seizures and cannot be required to produce testimony or documents which might tend to incriminate him.

On February 3 and 4, respectively, the government filed and served written "oppositions" to respondent's motion to dismiss or consolidate and to Donaldson's motion for intervention.

At the hearing on February 11, 1969, after hearing arguments of counsel and considering memoranda of law filed by the government and Donaldson, this court allowed the motion of respondent Learner to consolidate the two cases and denied the motion of Donaldson to intervene in the enforcement proceeding. The announced reasons for this action were that the parties in interest were the government and Donaldson, that it was apparent that whatever legitimate contest existed was between them, that Learner was willing to abide the result of that contest and should be as free from harassment as possible, and that consolidation would place the whole matter before the court, and any reviewing court, better than intervention by Donaldson in number RI–259. It was made clear by the court that this disposition was intended to make Donaldson a party to the consolidated case and that he would be permitted to participate in the show cause hearing. Evidence was then heard from the IRS agents concerning the open investigation of Donaldson's tax liability and the need for documents and records of Learner's automobile transactions with Donaldson. Counsel for Donaldson cross-examined the agents but offered no other witnesses or evidence.

Thereupon the Court announced dissolution of the temporary restraining order in Case No. RI–248, denied Donaldson's oral motion for unspecified discovery, and directed respondent Learner to comply with the prior summons on February 20, 1969. These decisions were incorporated in a written order drafted by the government and approved as to form by counsel for Donaldson.

On February 18, 1969, on motion of Donaldson, Chief Judge Omer Poos of this court, during the temporary absence to the undersigned from the District, entered an order staying the effective date of this court's order of February 11, 1969, "pending this court's reconsideration of applicant's motion for intervention and discovery," in the light of the decision in United States v. Benford, 406 F.2d 1192, handed down on February 11 by the Court of Appeals for the Seventh Circuit.

Accordingly, there has been no compliance with the IRS summons to date by Learner, and there is now pending here the government's Opposition to Reconsideration filed February 24, 1969,

and Donaldson's Motions for Reconsideration and to Take Depositions and for Production of Documents filed March 7, 1969. The government and Donaldson have filed additional argument and memoranda of law, Donaldson's latest effort with leave of court having been delayed until April 18, 1969, with the understanding that the court would pass on these pending questions without further hearing or oral argument thereon.

 Donaldson argues strenuously that, especially on the basis of the *Benford* decision, he should have been permitted to intervene in the summons enforcement proceeding and thereafter to have discovery as provided in the Federal Rules of Civil Procedure. There can be no doubt that *Benford* stands for the unqualified proposition, on the basis of Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459, and United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112, that a taxpayer has a right to intervene in an IRS summons enforcement proceeding in order to "be afforded a meaningful adversary hearing of legitimate challenges" to such summons. While it appears here that such hearing has been afforded by the notice to the taxpayer of the enforcement proceeding, his presence at the hearing thereon and the consolidation of his injunction suit therewith, it seems equally clear that intervention in addition under those circumstances could do no harm. Accordingly, the denial of Donaldson's motion to intervene here should be vacated and such motion should be allowed *nunc pro tunc* as of February 11, 1969, lest some technical distinction which escapes this court, between consolidation and intervention in these circumstances, might confuse the real issues here. The general applicability of the F.R.C.P. has not been questioned here. This does not mean that Donaldson is entitled to extended discovery under those rules without stating useful or legitimate goals thereof. As recognized in *Benford*, Rule 81(a) (3) is part of the F.R.C.P., and under that rule the court in a proper case may bar

discovery which would clearly serve no useful purpose in resolution of the issues before it.

From literally thousands of words of argument and quotation submitted on his behalf, this court can glean only that Donaldson believes his desired discovery will disclose that the very presence of an IRS "Special Agent" turns the investigation entirely into one seeking evidence for criminal prosecution, that this means disclosure of the Learner records involving him to IRS would violate his Fourth Amendment rights to be secure in *his* papers against unreasonable searches and seizures (because he has copies of some of Learner's said records, i. e., invoices, etc., concerning his own automobile transactions), and that thus he would be compelled in a criminal case to be a witness against himself in violation of the Fifth Amendment. Thus stated, the false premises and compound non-sequitur seems self evident, and this court does not believe that any "legitimate challenge" to the IRS summons here has been stated or even suggested.

 By his Motion to Take Depositions and for Production of Documents, Donaldson seeks authority to depose four IRS officers and agents in Milwaukee, Wisconsin, and New Orleans, Louisiana, and an order for production of materials and "any and all writings of any kind" relating to the Donaldson investigation and its purpose, including manuals and pamphlets of the Treasury Department dealing with the classification and assignment of IRS agents. In support of this motion, the court is told by affidavit of counsel that these documents and depositions will show the "intention and purposes" of IRS in this matter is "to secure evidence for use in a criminal prosecution," because otherwise Special Agents could not be on the scene. Yet no criminal charges have been made, there is no criminal case pending against Donaldson, and the whole objection seems to be that, if this IRS summons is enforced for the production of Learner's business records concerning transactions

with Donaldson, they may turn up evidence which will cause criminal charges to be filed against him.

■ It may be assumed that what Donaldson says is true under IRS personnel assignment policy, i. e., that the presence of Special Agents indicates suspicion of criminal violation of the revenue laws. It is hardly surprising that its more experienced and possibly specially trained men might be reserved insofar as possible by IRS for investigations in which criminal violations appear likely. It cannot be doubted, however, that investigation is for the purpose of determining the existence or nonexistence of evidence tending to prove facts, and that until available and proper evidence is obtained no determination can be made either on the proper assessment of tax or the institution of criminal charges. The assignment of the Treasury Department's best criminal specialist to an investigation would not give the person suspected a right to prevent proper investigation. It is not the law that one suspected of crime must be free from competent and careful investigation, nor is it the law that a suspect of crime has a right to prevent the uncovering of unprivileged evidence from others who are in possession of incriminating facts. What IRS suspects and the personnel it may assign to an investigation have nothing whatsoever to do with the suspect's constitutional rights; and discovery of how IRS assigns its investigative personnel, or what evidence it has uncovered thus far in its investigation, can serve no useful purpose in determining, under Title 26 U.S.C. § 7402(b) or § 7604(a), whether Mr. Learner should appear with his specified records in response to an IRS summons properly issued under Title 26 U.S.C. § 7602.

■ The idea that examination of Learner's records concerning transactions with Donaldson amounts to unlawful seizure of Donaldson's personal papers because he has copies of some or all of them, and thus that it would be equivalent to causing him to give evidence tending to incriminate himself, is perhaps ingenious, but it is completely specious as a matter of law. The testimony and knowledge of David A. Learner belong to him, not to Donaldson. The books and records of Learner's Sales and Service belong to that company, not to Donaldson, whether he has copies or not. The summons here seeks nothing whatsoever from Donaldson, regardless of whether the purpose of the investigation is to determine his civil liability for taxes, criminal violations, or both.

■ It seems perfectly clear that the Fourth and Fifth Amendments to the Constitution of the United States do not bar third parties from testifying or producing their records simply because such evidence may tend to incriminate someone else, and that, absent a privileged relationship, which is not even claimed here, a taxpayer has no interest in the records or testimony of someone else which would permit him to prevent production by that person in response to an IRS summons. See Genecov v. Federal Petroleum Board, 146 F.2d 596 (C.A. 5th 1944), cert. den. 324 U.S. 865, 65 S.Ct. 913, 89 L.Ed. 1420 (1945); Schulze v. Rayunec, 350 F.2d 666, 668 (C.A. 7th 1965), cert. den. sub. nom. Boughner v. Schulze, 382 U.S. 919, 86 S.Ct. 293, 15 L.Ed.2d 234 (1965); and Geurkink v. United States, 354 F.2d 629, 631 (C.A. 7th 1965). On careful reconsideration this court finds nothing to justify further delay in enforcement of the summons here. Such enforcement will not infringe Donaldson's rights and it will permit IRS to perform its duties and minimize further harassment of Mr. Learner.

This decision is in no sense inconsistent with any of the cases cited by Donaldson. The opinion of Circuit Judge Fairchild in United States v. Benford, 406 F.2d 1192, relied upon to obtain stay of this court's prior order, treats with most of them specifically and the principles involved in all. *Benford* concludes that Reisman v. Caplin, 375 U.S. 440, 84 S.Ct.

508, 11 L.Ed.2d 459, and United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112, show that a taxpayer has an unqualified right to intervene in an IRS summons enforcement proceeding involving him, but to which he is not a party, for the purpose of asserting constitutional or other claims and to have a meaningful day in court thereon, but not to obstruct or delay the enforcement proceeding for no useful purpose. Donaldson clearly has had his day in court here and his claims have been found invalid as a matter of law. Kennedy v. Rubin, D.C., 254 F.Supp. 190, and United States v. Moriarty, D.C., 278 F.Supp. 187, likewise treated in *Benford,* both allowed pre-trial discovery by the taxpayer in IRS summons enforcement actions; but in both of those cases the distinguished District Judges found that "important" and "cognizable" defenses to the enforcement actions had been raised which justified exploration by discovery process with resulting delay. Not so here. The only supposed defenses raised here have been found completely specious and delay is the *only* apparent purpose of the desired discovery because it seeks proof of an immaterial fact, namely, that IRS is seeking evidence of criminal violation.

Accordingly it is ordered, on reconsideration, that the order of this court, dated February 11, 1969, denying the motion to intervene of Kevin L. Donaldson, is hereby vacated and said motion is hereby allowed *nunc pro tunc* as of February 11, 1969.

It is further ordered that the Motion of Intervenor Kevin L. Donaldson to Take Depositions and for Production of Documents filed herein on March 7, 1969 is denied.

It is further ordered that said order of this court, dated February 11, 1969, is in all other respects ratified and confirmed, upon reconsideration, excepting further only the date, place and time specified therein, at which David A. Learner should appear before Special Agent Ralph A. Bergstrom in obedience to the summons issued on August 14, 1968.

It is further ordered that such appearance of said David A. Learner shall be at a place, date and time to be mutually agreed upon by counsel for said Learner and counsel for the government as soon as practicable, with application to the court only on inability to agree.

It is further ordered that no stay of this order enforcing said summons will be allowed by this court pending possible appeal herefrom without tender of a supersedeas bond shown to be adequate in amount to protect the government against any revenue losses possibly due to further passage of time.