**UNITED STATES of America and Bernard J. Kosch, Special Agent, Internal Revenue Service, Petitioners,**

v.

**Emmett J. CONTE, Jr., Respondent.**

**Misc. No. 50.**

United States District Court
D. Delaware.

May 23, 1969.

---

Alexander Greenfeld, U. S. Atty., and Norman Levine, Asst. U. S. Atty., Wilmington, Del., and James H. Jeffries, III, U. S. Dept. of Justice, Washington, D. C., for petitioners.

Wilfred J. Smith, Jr., Wilmington, Del., for respondent.

## OPINION

STEEL, District Judge.

This action is a judicial summons enforcement case brought pursuant to Internal Revenue Code of 1954, 26 U.S.C. §§ 7402(b), 7604(a). It seeks the aid of this Court to compel the respondent, Emmett J. Conte, Jr., to comply with an Internal Revenue summons served upon him on November 21, 1968, by Special Agent Bernard J. Kosch.

The petition alleges that Special Agent Kosch, a petitioner herein, is assigned to the Wilmington, Delaware, Intelligence Division of the Internal Revenue Service, and is conducting an investigation of the federal income tax liabilities of Joseph M. Donlon and Catherine J. Donlon, husband and wife, for the calendar years 1961 through and including 1967. As a Special Agent, Kosch is a delegate of the Secretary of the Treasury empowered to issue summons under Internal Revenue Code of 1954, 26 U.S.C. § 7602, and Treasury Regulations § 301.7602–1, 26 C.F.R. § 301.7602–1 (T.D. 6421, Oct. 23, 1959, and T.D. 6498, Oct. 24, 1960).

The petition further alleges that in the course of his investigation of the Donlons' tax liabilities Special Agent Kosch determined that the respondent Conte, an attorney, had performed services for the Donlons and had received money from them. Kosch determined that the receipt and disbursement of such funds by the respondent on behalf of the Donlons could affect the Donlons' tax liability. Kosch determined that it was necessary to examine the respondent's books and records and have his testimony relating to his fees and other financial dealings with the Donlons. After it was ascertained that the respondent would not voluntarily produce his books and

records or testify concerning his financial dealings with the Donlons, Kosch issued and served upon the respondent the Internal Revenue summons which is at issue here.

On December 4, 1968, the return date of the summons, the respondent appeared before Kosch. The respondent failed to bring any records and refused to give any of the requested testimony. He asserted the attorney-client privilege and raised the Donlons' Fifth Amendment privilege against self-incrimination as a defense to his failure to testify or produce his records.

Thereafter, this action was commenced. At a hearing on April 29, 1969, on this Court's order to show cause why Conte should not comply with the summons, the respondent abandoned any claim of attorney-client privilege, reiterated his invocation of the Donlons' privilege against self-incrimination, and raised his own privilege against self-incrimination.

The Donlons' constitutional privilege against self-incrimination cannot be used in the present proceedings to bar the production of the summoned information. This conclusion is based on the combination of the following factors: (1) the Donlons are not parties to the present proceedings, (2) no information is sought to be elicited from the Donlons in the present proceedings, (3) the items demanded by the summons are concededly not protected by the attorney-client privilege, (4) such items (including the respondent's testimony) are clearly the property of the respondent and not of the Donlons, and (5) all such items are in the respondent's possession and not in the client's possession.

■ It is clear that the Fifth Amendment does not bar a third party—in this case the respondent Conte—from testifying or producing his own unprivileged records simply because such evidence may tend to incriminate somebody else. Absent a privileged relationship, which is not claimed here, a taxpayer has no protectible interest in the relevant testimony or records belonging to and in the possession of someone else which would permit the taxpayer to prevent their production by that person in response to an Internal Revenue summons. See United States v. Learner, 298 F.Supp. 1104 (D.R.I., decided April 29, 1969); United States v. Zakutansky, 278 F.Supp. 682 (N.D.Ind.1968); In re Fahey, 192 F. Supp. 492 (W.D.Ky.1961), aff'd 300 F. 2d 383 (6th Cir. 1961); Genecov v. Federal Petroleum Bd., 146 F.2d 596 (5th Cir. 1944), cert. denied, 324 U.S. 865, 65 S.Ct. 913, 89 L.Ed. 1420 (1945).

■ The respondent places main reliance on United States v. Judson, 322 F. 2d 460 (9th Cir. 1963). There the relevant documents, which were held not subject to production under an Internal Revenue summons served on the attorney, were the property of the client. They were merely entrusted to the possession of the attorney for the purpose of defending the client in the tax investigation. In the case at bar, however, the items subject to the summons are both in the possession of and are the property of the respondent and not the Donlons. Judson, therefore, is clearly distinguishable from the case at bar.

■ Nor can the respondent's claim of personal privilege against self-incrimination bar the production of the information subject to the summons. The only basis for the claim is that the respondent might be subject to disciplinary sanctions before the State Censor Committee for having revealed the summoned information.

The privilege of the Fifth Amendment, of course, is not restricted to protecting one who claims it to prevent fine or imprisonment. It protects one against the imposition of any sanction which is "costly." Spevack v. Klein, 385 U.S. 511, 515, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967); see Gardner v. Broderick, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968). Punishment by the State Censor Committee may be such a sanction.

It is not the mere assertion of the privilege against self-incrimination which permits a person to invoke it successfully. As the Supreme Court stated in Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951), the Fifth Amendment protection

"must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer. * * * The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified, Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438 [95 L.Ed. 344 (1951)], and to require him to answer if 'it clearly appears to the court that he is mistaken.' Temple v. Commonwealth, 75 Va. 892, 899 (1881)."

Here, the respondent, Conte, is clearly mistaken in claiming that his response to the summons would have a tendency to incriminate him. He is not put to "a choice between the rock and the whirlpool" as were the defendants in Garrity v. New Jersey, 385 U.S. 493, 496, 87 S. Ct. 616, 17 L.Ed.2d 562 (1967). The investigation is not aimed at him. He does not claim that there is anything in the contents of the records or in the testimony which he might give which might tend to incriminate him in any way. He does not suggest that compliance with the summons will reveal any act of misconduct by him in his relationship with his clients or otherwise. His only complaint is that the act of disclosure itself might be considered by the State Censor Committee as a breach of duty to the client, and thus that body might penalize him for this supposed dereliction of duty. But it is farfetched for the respondent to argue that the Censor Committee might penalize him for his complying with a lawful Internal Revenue summons or order of this Court requiring his production of unprivileged items which are his property and in his possession.

Since such items cannot lawfully be withheld by respondent, no basis exists for punishing him for producing them.

It is clear, therefore, that the assertions by respondent of the Fifth Amendment privilege against self-incrimination, on behalf of the Donlons and on behalf of himself, are without merit and that respondent should comply with the summons.

For the reasons stated an order should be submitted requiring respondent, Emmett J. Conte, Jr., to comply with the summons, at such time and place as may be fixed by Special Agent Kosch, or any proper officer of the Internal Revenue Service.