**UNITED STATES of America and Bruce J. Conklin, IRS Special Agent, Plaintiffs-Appellees,**

v.

**GROOS NATIONAL BANK OF SAN ANTONIO, Defendant,**

**Reverend George E. Lewis, Intervenor-Appellant.**

**No. 80–2166**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.*

Unit A

Oct. 5, 1981.

Donald W. MacPherson, Phoenix, Ariz., for intervenor-appellant.

---

\* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Jack B. Moynihan, Asst. U. S. Atty., San Antonio, Tex., John F. Murray, Act. Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Sec., Charles E. Brookhart, Farley P. Katz, Tax Div., Dept. of Justice, Washington, D.C., for plaintiffs-appellees.

Before CHARLES CLARK, RUBIN and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

George Lewis appeals from the district court's order enforcing 13 summonses issued by the Internal Revenue Service (IRS). Lewis contends that the summonses violate the first amendment, that they were issued in violation of IRS's statutory authority and that they were not issued in good faith. We disagree.

Lewis is a practicing anesthesiologist and a minister of the Evangelical Church of the Golden Rule. Because the IRS had not received any income tax returns from Lewis since 1976, it initially sought to obtain financial records directly from him. When Lewis refused to comply, the IRS initiated a joint criminal and civil investigation. As part of the investigation, the IRS issued 14 summonses requesting information about transactions made by Lewis, either on his own behalf or on behalf of his church.

When Lewis requested the recipients of the summonses not to disclose the information, the IRS sought to enforce the summonses in district court. The court allowed Lewis to intervene to contest the IRS's petition but ultimately ordered enforcement of 13 of the summonses.

Two of the issues raised by Lewis, that the summonses were issued in violation of the first amendment and of 26 U.S.C. § 7605(c), were considered by this court in *United States v. Grayson County State Bank*, 656 F.2d 1070 (5th Cir. 1981). In *Grayson*, we held, on almost identical facts, that allowing the IRS access to church information held by third parties neither inhibited the free exercise of religion nor infringed the church members' right of association.

We also rejected the taxpayer's contention in that case that section 7605(c)'s requirement, that the IRS issue notice to a church before it examined the church's books of account, was applicable to a summons issued to a third party. We found that the third party's information and records, even though they concerned church business, were not the books of account of the church within the meaning of the statute. Because neither the arguments made by Lewis nor the facts established by him distinguish this case from *Grayson*, we reject Lewis' first two attacks on the order of the district court.[1]

Lewis raises one issue not considered by *Grayson*. Lewis argues that because the IRS already had some of the information it sought in its possession the summonses were not issued in good faith. Lewis' argument is based on a literal reading of *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). This court has held, however, that *Powell* is not to be applied literally. In *United States v. Davis*, 636 F.2d 1028, 1038 (5th Cir. 1981), we found that even if the IRS already possesses some of the information, the summonses should not be denied unless they constituted an unnecessary examination or inspection. Because there is no evidence that these summonses were harassing, that the bulk of the materials sought were already in the IRS's possession or that supplying the duplicate information was burdensome, we find that the good faith test of *Powell*, as explained by *Davis*, was met. *See id.* Lewis attempts to show bad faith by the fact that the government's initial statement, that it had none of the information sought, conflicted with its later admission to the con-

---

1.  Lewis relies solely on § 7605(c)'s requirement that summonses issued to churches be limited in scope to argue that the summonses issued here are overly broad.  Because we find that § 7605(c) is not applicable to Lewis' situation, we also reject Lewis' contention that the summonses are over broad.

trary. However, a similar conflict between IRS affidavits and subsequent testimony did not preclude the court in *Davis* from enforcing the summonses. *See id.* at 1037. We reach the same conclusion here.

AFFIRMED.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.