Thurman S. ALPHIN,
Plaintiff-Appellant,

and

Mary L. Alphin; Alphin Aircraft
Inc. Plaintiff

v.

UNITED STATES of America
Defendant-Appellee.

No. 86–1119.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 10, 1986.
Decided Jan. 12, 1987.

Paul Victor Jorgensen, Washington, D.C., (G. Nelson Mackey, Jr., Roanoke, Va., on brief), for plaintiff-appellant.

Joan Iris Oppenheimer, Tax Div., Dept. of Justice (Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, Washington, D.C., on brief), for defendant-appellee.

Before WINTER, Chief Judge, BUTZNER, Senior Circuit Judge, and JAMES B. McMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.

BUTZNER, Senior Circuit Judge:

Thurman S. Alphin appeals the judgment of the district court granting summary enforcement of a tax summons against his accountant. We affirm.

Internal Revenue Service agent Anthony Pizzillo issued an administrative summons to Mr. Alphin's accountant on November 27, 1984. On December 17, 1984, Alphin filed a petition in district court pursuant to 26 U.S.C. § 7609(b)(2) to quash the summons. Thereafter the government moved for summary denial of the petition to quash and for summary enforcement of the summons. The court granted the government's motion on April 10, 1986.

Alphin contends in this appeal that he is entitled to an evidentiary hearing and to limited discovery on the issue of enforcement of the third-party tax summons. He asserts as his ground for this hearing that the IRS issued the summons for the purpose of interfering with ongoing and unrelated litigation between Alphin and the Federal Aviation Administration and not to conduct a legitimate tax investigation.

The Internal Revenue Code empowers the IRS to investigate taxpayers to determine the correctness of their returns or any tax liability. 26 U.S.C. § 7602. To this end, the Secretary or his delegate is authorized to examine "any books, papers, records, or other data which may be relevant or material to such inquiry." 26 U.S.C. § 7602(a)(1). He may also issue a summons to third-party record keepers according to the procedures outlined in 26 U.S.C. § 7609. This power, however, is limited to the purposes established in

§ 7602. It may not be used for improper purposes, "such as to harass the taxpayer or to put pressure on him to settle a collateral dispute." *United States v. Powell,* 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1965).

In order to show that its summons authority is being used in good faith pursuit of these purposes, the government, when seeking enforcement of a summons, must show: 1) the investigation is being conducted for a legitimate purpose; 2) the inquiry is relevant to that purpose; 3) the information sought is not already in the possession of the IRS; and 4) the administrative steps required by the Code have been followed. *Powell,* 379 U.S. at 57–58, 85 S.Ct. at 254–255.

■ The government may establish its prima facie case by an affidavit of an agent involved in the investigation averring the *Powell* good faith elements. *United States v. Kis,* 658 F.2d 526, 536 (7th Cir. 1981); *United States v. Garden State National Bank,* 607 F.2d 61, 68 (3d Cir.1979). No probable cause standard need be met. *Powell,* 379 U.S. at 56–57, 85 S.Ct. at 254. The government's burden is fairly slight because this is a summary proceeding. It occurs only at the investigative stage of an action against the taxpayer, and "the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *Kis,* 658 F.2d at 536.

■ Once the government has made its prima facie case, the burden shifts to the party challenging the summons to show that enforcement would be an abuse of the court's process. The party challenging the summons bears the heavy burden of disproving the actual existence of a valid civil tax determination or collection purpose. *United States v. LaSalle National Bank,* 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978).

■ Although an evidentiary hearing may be needed for the taxpayer to meet this burden, the right to a hearing is not absolute. *United States v. Harris,* 628 F.2d 875, 879 (5th Cir.1980). In order to be entitled to a hearing, the party challenging the summons must allege specific facts in its responsive pleadings, supported by affidavits, from which the court can infer a possibility of some wrongful conduct by the IRS. *Kis,* 658 F.2d at 540; *Garden State National Bank,* 607 F.2d at 71. *See also United States v. Equitable Trust,* 611 F.2d 492, 499–501 (4th Cir.1979) (hearing required when party states with sufficient particularity factual support for its allegations of bad faith). "Mere allegations of bad faith will not suffice." *Kis,* 658 F.2d at 539. *But see United States v. Southeast First National Bank of Miami Springs,* 655 F.2d 661, 667 (5th Cir.1981) (allegation of improper purpose sufficient to trigger limited hearing). If the challenging party cannot refute the government's prima facie case or cannot factually support a proper affirmative defense, "the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing." *Garden State National Bank,* 607 F.2d at 71. Similarly, the court should not allow discovery at this stage unless the taxpayer makes a preliminary demonstration of abuse. *United States v. Will,* 671 F.2d 963, 968 (6th Cir. 1982).

■ In evaluating Alphin's contention we find that he did not allege facts sufficient to support an inference by the district court that the IRS was acting with an improper purpose in issuing the summons. Alphin has merely alleged that the summons was issued for the sole purpose of distracting his attention from the ongoing unrelated litigation with the FAA and of bolstering "the campaign of harassment" to his assets and reputation by the FAA.

In support of his contention Alphin filed an affidavit describing in detail the history of his litigation with the government. He asserts the following facts as supporting an inference of harassment by the IRS: 1) five months before issuance of the summons the government initiated suits against Alphin and Alphin Aircraft, Inc.; 2) the cutoff date for discovery in Alphin's

earlier suit against the FAA was scheduled for just 19 days after the summons was issued. These facts do not support an inference that the investigation was possibly intended to harass Alphin or to force him to settle the suit with the FAA. Furthermore, the harassment theory is undercut by Alphin's subsequent allegation that the IRS investigation was initiated by someone who had a personal grudge against an Alphin Aircraft officer. Alphin offered no factual support for this allegation.

Alphin also contends that the government is not entitled to summary enforcement of the summons because the affidavit of agent Pizzillo does not comply with Federal Rule of Civil Procedure 56(e).

The Federal Rules of Civil Procedure are generally applicable to proceedings such as a summons enforcement proceeding, unless otherwise provided by statute, or by the court pursuant to local rule or court order. Fed.R.Civ.P. 81(a)(3). Courts may limit their application when to apply them literally would impair the summary nature of the proceeding. *See* 7 J. Moore, *Federal Practice* ¶ 81.06(1). Thus, even if Rule 56, which by its terms applies to summary judgments, is applicable, its application has reasonably been limited by cases holding that an affidavit averring the *Powell* good faith elements is sufficient to establish the government's prima facie case. *See, e.g., Kis,* 658 F.2d at 536; *Garden State National Bank,* 607 F.2d at 68.

Agent Pizzillo's affidavit discloses that as a matter of law the government has established a prima facie case. We have also concluded that as a matter of law Alphin's response is insufficient to rebut the government's case. Agent Pizzillo's declaration establishes that he is the agent assigned to the case and that he issued the summons. This satisfies the rule's concern that an affidavit be made on personal knowledge and that the affiant be competent to testify to matters stated therein. Rule 56, therefore, does not foreclose summary enforcement of the summons.

AFFIRMED.