**Darwyn H. LESH, Plaintiff,**

v.

**UNITED STATES of America and First American Bank of Virginia, Defendants.**

**Civ. A. No. 89–0502–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

July 7, 1989.

Helen E. Marmoll, Haymarket, Va., for Darwyn H. Lesh.

Paula P. Newett, Asst. U.S. Atty., Alexandria, Va., and Robert Coulter, Tax Div., Dept. of Justice, Washington, D.C., for U.S.

Janis Orfe, Asst. Gen. Counsel, McLean, Va., for First American Bank of Virginia.

ORDER

ELLIS, District Judge.

This matter arises out of an administrative summons served by the Internal Revenue Service (IRS) on third-party record-keeper, First American Bank in McLean, Virginia, in the course of the IRS's investigation of possible tax fraud by plaintiff. Plaintiff is an attorney who maintains his client trust accounts at First American. The summons, issued on March 16, 1989, ordered the production by First American of all records concerning plaintiff's banking transactions from January 1982 through January 1988. On April 4, 1989, plaintiff filed a Complaint to Quash that part of the summons requiring the production of trust account records that identified plaintiff's clients and other allegedly confidential client information. On June 7, 1989, the government filed the motion at bar for summary dismissal of plaintiff's Complaint to Quash and for summary enforcement of the summons.

Based on a review of the Complaint and the government's pleadings and after hearing oral arguments, the Court hereby ORDERS:

(1) That First American Bank be DISMISSED as a defendant. Plaintiff has asserted no legal claim against First American and does not contest the dismissal; and

■ (2) That the government's motions for summary dismissal of the Complaint and for summary enforcement of the summons are GRANTED. The government has established a *prima facie* case that enforcement of the summons is proper, and the plaintiff has failed to allege, by affidavits or other evidence, facts to rebut that showing. Moreover, plaintiff's alleged attorney-client privilege is not a legal basis for suppressing the summons.

For enforcement of an IRS summons, the government must demonstrate that

(a) the summons was issued for a legitimate purpose;

(b) the information sought by the summons may be relevant to that purpose;

(c) the government does not already have in its possession the information sought; and

(d) the statutory administrative steps have been followed.

*United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964); *Alphin v. United States,* 809 F.2d 236, 238 (4th Cir.1987). The government has met its burden; it has made an adequate showing under each factor. First, the government avers, by affidavit of IRS Special Agent Brian Hegner, that the summons was issued as part of an ongoing investigation of plaintiff for suspected tax evasion and fraud. Second, the affidavit convincingly reflects that the information sought—plaintiff's bank records—will facilitate the IRS's investigative efforts to trace the flow of funds into and out of plaintiff's bank accounts. Only by doing so can the IRS effectively ascertain whether plaintiff's client trust accounts are genuine and properly maintained. Without the compelled documents, the IRS cannot foreclose the possibility that one or more trust account pertains to a fictitious person or is being used to conceal funds. Third, as Special Agent Hegner confirms, this information is not currently in the government's possession. And fourth, the affidavit makes clear that all the requisite administrative procedures have been carefully followed in the issuance of this summons. In sum, the government has amply demonstrated a *prima facie* case that enforcement of this summons is legally valid. *Id.*

The burden then shifts to plaintiff, the party seeking to quash or modify the summons, to demonstrate that there has been "an abuse of the court's process." *Powell,* 379 U.S. at 58, 85 S.Ct. at 255; *see also Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *Alphin v. United States,* 809 F.2d at 238; *Gannet v. First National State Bank of New Jer-*

sey, 546 F.2d 1072, 1077 n. 9 (3d Cir.1976), *cert. denied,* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977). Plaintiff has offered no evidence of any such abuse. None apparently exists. Although plaintiff contends that he seeks only to protect confidential client information in the face of an allegedly "overbroad" summons that is "disproportionate to the end sought," *see United States v. Theodore,* 479 F.2d 749, 754 (4th Cir.1973), he has offered no evidence in support of his contention. This case is easily distinguishable from *Theodore,* the decision primarily relied on by plaintiff. There, the Fourth Circuit refused to enforce an IRS administrative summons requiring the vice president of an accountant firm to produce copies of all accounting records, correspondence, memoranda, and the like used in the preparation of the firm's clients' income tax returns for three years, in addition to copies of the clients' actual tax returns. *Id.* at 751. The summons was served after the IRS discovered evidence that the firm had incorrectly prepared those returns. Ostensibly, these materials were sought so that the IRS might " 'correct all tax returns which have been incorrectly prepared.' " *Id.* at 752. The Fourth Circuit rejected this argument, noting that the purpose of the summons was not specifically directed to the vice president's own tax records or even to those of a specific taxpayer; rather, it was more akin to " 'a fishing expedition' " or " 'a rambling exploration' of a third party's files." *Id.* at 754. Here, in sharp contrast, the summons was issued to examine records which were established by and under the direct control of a specific taxpayer, plaintiff, in the course of an investigation of that taxpayer's own tax liabilities. It is not, therefore, overbroad or vague.

■ Alternatively, plaintiff asserts an attorney-client privilege to protect the names of his clients. He suggests redacting those names from the bank records before the IRS examines them, having an independent third party examine the records and providing to the IRS only information relating directly to plaintiff. Alternatively, plaintiff suggests that the IRS extend a formal guarantee of immunity for

his clients from further audit or criminal prosecution based on the information the IRS garners from plaintiff's bank records. Although the Fourth Circuit had never squarely ruled on this issue, the Court finds persuasive the Third Circuit's decision in *Gannet v. First National State Bank of New Jersey,* 546 F.2d 1072 (3d Cir.1976), *cert. denied,* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977), that there is no attorney-client privilege in bank records maintained by an attorney for his clients. *See also Schulze v. Rayunec,* 350 F.2d 666, 668 (7th Cir.1965) (bank records of a cashier's check purchased by attorney on behalf of his client which was then submitted to the IRS for payment of the client's liability are not "clothed with the attorney-client privilege"). In *Gannet,* an almost identical case to the one at bar, the Third Circuit noted that an individual has no blanket right to privacy in his or her bank records under the Bank Secrecy Act of 1970 ("Act"), 12 U.S.C. § 1829b. Pursuant to that Act, banks are required to maintain records of bank account transactions because of the potential usefulness of such records "in criminal, *tax,* and regulatory investigations and proceedings." 12 U.S.C. § 1829b(a)(2) (emphasis added). In *United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976), the Supreme Court upheld the constitutionality of the Act and the disclosure of information recorded by banks pursuant to the Act, pointing out that

> [a]ll of the documents [maintained by banks] ... contain only information voluntarily conveyed to banks and exposed to their employees in the ordinary course of business. The lack of any legitimate expectation of privacy concerning the information kept in bank records was assumed by Congress in enacting the Bank Secrecy Act, the expressed purpose of which is to require records to be maintained because they 'have a high degree of usefulness in criminal, tax, regulatory investigations and proceedings.' ...

> The depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the government.

*Id.* at 442, 96 S.Ct. at 1623. The fact that bank records derive from transactions involving an attorney's client trust account does not cloak those records with any special protection.[1] To hold otherwise would give individuals the opportunity to use the attorney-client privilege for the impermissible purpose of masking fraud. *See Gannet,* 546 F.2d at 1076.

Absent any privilege protecting these records, the immunity guarantee plaintiff seeks on behalf of his clients would be inappropriate under these circumstances. Indeed, the government acknowledged on the record that it had no intent to place plaintiff's clients under audit following its review of the bank records and that such audits would be improper absent evidence of criminal activity. Based on this evidence, the Court concludes that plaintiff's Complaint to Quash is, therefore, dismissed and the summons shall be promptly enforced.

---

1. The privacy interests of the unnamed clients are accommodated by 26 U.S.C. § 6103. That provision expressly prohibits the IRS from disclosing information received during the investigation of a taxpayer, except in statutorily limited circumstances. *See* 26 U.S.C. § 6103 (1989). Because the bank records sought in the summons constitute "return information," *see* 26 U.S.C. § 6103(b)(2) (1989), these protections are applicable here.