**Benedicto V. YUJUICO and Teresita M. Yujuico, Petitioners,**

v.

**UNITED STATES of America, Internal Revenue Service, and Sylvia Sanders, Respondents.**

No. C–91–4518–JPV.

United States District Court, N.D. California.

Feb. 3, 1993.

James E. Merritt, Morrison & Foerster, Timothy A. Miller, San Francisco, CA, for petitioners.

Thomas F. Carlucci, Asst. U.S. Atty., San Francisco, CA, for respondents.

## ORDER DENYING PETITION TO QUASH AND GRANTING MOTION TO ENFORCE IRS FORMAL DOCUMENT REQUEST

VUKASIN, District Judge.

### INTRODUCTION

On December 14, 1993, this case came on for evidentiary hearing regarding a petition to quash and cross-motion to enforce an Internal Revenue Service formal document request. James Merritt appeared for petitioners. Assistant U.S. Attorney Thomas Carlucci appeared for respondents. The court heard the testimony of petitioner Benedicto Yujuico and the arguments of counsel, and reviewed the record herein, including the exhibits and pleadings filed to date. Having done so, this court now DENIES the petition to quash and GRANTS the motion to enforce the formal document request.

### DISCUSSION

*I. Law Governing Issuance and Enforcement of an FDR*

Section 982 of the Internal Revenue Code authorizes the Internal Revenue Service ("IRS") to issue a formal document request ("FDR") to any taxpayer to obtain foreign-based documentation.[1] Congress enacted section 982 as a pretrial discovery tool "to discourage taxpayers from delaying or refusing disclosure of certain foreign-based information to the IRS." Conf.Rept. 97–760, to accompany H.R. 4961, 97th Cong., 2d Sess., *reprinted in* 1982 U.S.C.C.A.N. 781, 1363 (hereinafter "Conference Report").

An FDR is "any request (made after the normal request procedures have failed to produce the requested documentation) for the production of foreign-based documentation which is mailed by registered or certified mail to the taxpayer at his last known address and which sets forth—

(A) the time and place for the production of the documentation

(B) a statement of the reason the documentation previously produced (if any) is not sufficient,

(C) a description of the documentation being sought, and,

(D) the consequences to the taxpayer of the failure to produce the documentation described in subparagraph (C)."

26 U.S.C. § 982(c)(1).

The consequence to a taxpayer who fails to substantially comply, within 90 days of the service of an FDR, is as follows:

---

1. 26 U.S.C. § 982(d)(1) defines the term "foreign-based documentation" as any documentation which is outside the U.S. and which may be relevant or material to the tax treatment of the examined item. Section 982(d) defines the term "documentation" to include "books and records."

any court having jurisdiction of a civil proceeding in which the tax treatment of the examined item is an issue shall prohibit the introduction by the taxpayer of any foreign-based documentation covered by such request.

26 U.S.C. § 982(a).

■ The purpose of the section 982 sanction is to prohibit the taxpayer from introducing at trial records he would not or allegedly could not earlier produce at the audit. An exception to the section 982 sanction is permitted if the taxpayer establishes that the failure to provide the requested documentation is due to reasonable cause.[2]

■ In any proceeding to quash, the United States may seek to compel compliance with the FDR. 26 U.S.C. § 982(c)(2)(A). The United States in the instant case seeks compliance with the FDR. The standards for enforcement of an IRS summons and an FDR are the same. *International Marketing, Ltd. v. United States*, 90–2, U.S.T.C. ¶ 50,476 (N.D.Cal.1990). Accordingly, the United States must demonstrate that the requirements for enforcement of a summons have been met in order to obtain enforcement of its FDR from this court.

The landmark case in the area of summons enforcement is *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). In *Powell* the Supreme Court set out the following standard for summons enforcement:

> The United States must show: (1) that there is a legitimate purpose for the investigation; (2) that the material sought is relevant to that purpose; (3) that the material sought is not already within the IRS' possession; and (4) that those administrative steps which are required by the Internal Revenue Code have been taken.

*Id.*, at 57–58, 85 S.Ct. at 255.

"The government may establish its prima facie case [for summons enforcement] by a declaration of an agent involved in the investigation averring the *Powell* good faith elements." *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir.1987), *cert. denied*, 480 U.S. 935, 107 S.Ct. 1578, 94 L.Ed.2d 768 (1987); *Accord, United States v. Samuels, Kramer and Co.*, 712 F.2d 1342, 1344–5 (9th Cir. 1983).

■ Once this showing has been made, the party challenging the summons bears the heavy burden of proving that enforcement of the summons would be an abuse of the court's process. *United States v. Powell, supra*, 379 U.S. at 58, 85 S.Ct. at 255; *United States v. LaSalle National Bank*, 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978). Unless the party challenging the summons can demonstrate that it was issued for an improper purpose, or was otherwise deficient, the government is entitled to enforcement of the summons. *United States v. LaSalle National Bank, supra*, at 316, 318, 98 S.Ct. at 2367, 2368. Although the *LaSalle* court was faced with a motion to enforce an IRS summons, since the standards for enforcement of a summons and an FDR are the same, the burdens of proof described in *Powell* and *LaSalle* apply equally to the FDR case at bar.

*II. The Petition to Quash*

*A. Procedural Challenges*

■ Petitioners attack the subject FDR on procedural grounds, contending that the FDR is vague and overbroad and that the government has failed to satisfy the administrative steps of the Internal Revenue Code. This court finds that petitioners procedural challenge lacks merit.

A valid FDR is any request made after the normal request procedures have failed to produce the requested documentation. *See* 26 U.S.C. § 982(c)(1). Here, the government has followed the normal request procedures since it began its investigation of petitioners in 1989. IRS agents Sanders and Silverman issued numerous Information Document Requests ("IDRs") throughout the investigation, but petitioner failed to produce much of

---

**2.** The conference agreement regarding Section 982 briefly discusses the reasonable cause exception. "In determining whether there was reasonable cause for failure to produce, a court may take into account whether the request is reasonable in scope, whether the requested documents or copies thereof are available within the United States, and the reasonableness of the requested place of production within the United States." P.L. 97–248. (Conf.) 1364 (1982).

the requested documentation. The government's issuance of the IDRs, and petitioners non-responsiveness to these requests, demonstrates that the government exhausted the informal procedures for requesting documents prior to issuing the FDR and thus complied with the administrative procedures mandated by section 982.

■ Petitioners also assert that the FDR should be quashed because the language of the FDR is vague in that it fails to specify the documents requested "item-by-item." Section 982 provides that the FDR must set forth "a description of the documentation being sought." 26 U.S.C. § 982(c)(1)(C). In the instant case, each numbered item in the FDR sets forth a description of the type of documentation sought. Further, the government's use of the language "any and all" in the FDR is not an infirmity. *United States v. Abrahams*, 905 F.2d 1276, 1282 (9th Cir. 1990); *United States v. Wyatt*, 637 F.2d 293 (5th Cir.1981). This court finds that the FDR complies with the specificity requirements of section 982.

It is the finding of this court that the government has established that it has met the standards in *Powell*; specifically, that the FDR was issued for a proper purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Internal Revenue Code have been followed.

### B.   Challenge for Reasonable Cause

■ Petitioners next contend that they have "reasonable cause" for not producing the records sought by the government or, alternatively, that they have "substantially complied" with the FDR. As to petitioners' first claim, section 982 provides that the sanction "shall not apply with respect to any documentation if the taxpayer establishes that the failure to provide the documentation as requested . . . is due to reasonable cause." 26 U.S.C. § 982(b)(1).

Congress recognized that lack of control over a foreign corporation would constitute reasonable cause for the nonproduction of documents from the foreign corporation. The Conference Report states:

The conferees recognize that minority status can prevent a taxpayer from being able to produce certain records held by a foreign entity. However, the conferees also recognize that taxpayers may seek to hide behind minority status to avoid production of records. Accordingly, a determination of whether minority status is reasonable cause will be determined by the *facts and circumstances of the case.*

Conference Report at 760, 1982 U.S.C.C.A.N. 1364 (emphasis added).

This court has reviewed the briefs of the parties, the many declarations, the record, the arguments of counsel and evidence including the testimony of petitioner Benedicto Y. Yujuico. Based on the facts and circumstances of the case, this court finds that petitioners do have practical control over the records sought by the IRS sufficient to cause their production.

Examples of petitioner Benedicto Yujuico's practical control include the following: divesting stock in a foreign corporation after receiving the government's first request for documents, guaranteeing loans of corporations he claimed he did not own and making loans to and receiving loans from family members who purportedly owned corporations whose records petitioners claimed they could not produce.

Based on the foregoing and other similar facts, this court finds that there are too many circumstances, too many transfers of stock, too much familial interchange and too many excuses of inability to produce records that do not ring true. It would stretch credulity to expect this court to believe that petitioners have no practical control over corporations with which they have substantial inter-connections and relationships. Accordingly, it is the finding of this court petitioners have not established "reasonable cause" for not producing the requested documents.

■ Because petitioners have not produced the summoned records, and have not established any reasonable cause for their failure to do so, this court finds that as of the date of this Order, petitioners have not substantially complied with the FDR.

## CONCLUSION

This court finds and concludes that the FDR was properly issued and that petitioners' responses to the FDR do not constitute substantial compliance because there exists no reasonable cause for not producing the requested records. It is therefore hereby ORDERED that petitioners' motion to quash the FDR is DENIED and that the government's motion for enforcement is GRANTED.

IT IS FURTHER ORDERED that petitioners shall appear on March 1, 1993, at 9:30 A.M. before Revenue Agent Sylvia Sanders, or any other designated agent, at the Office of the Internal Revenue Service, 450 Golden Gate Avenue, Room 5209, San Francisco, California and produce the documents described in the FDR, and further to appear before this court at such times as this court shall hereafter order to give testimony regarding the good faith effort with which petitioners have undertaken to comply with this court's Order.

To the extent the parties hereafter agree in writing to modify or limit the scope of any part of the FDR, such agreement will have the force and effect of excusing petitioners from compliance with that part of the FDR, without further order of this court.

IT IS SO ORDERED.