36 F.3d 1095
 74 A.F.T.R.2d 94-6498
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America; Edward R. White, Jr., Special
Agent, Petitioners-Appellees,
James Patrick O'NEAL, Respondent-Appellant.
 No. 93-2415.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 7, 1994.
Decided Sept. 22, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (MISC-93-148-5-D)
 James Patrick O'Neal, appellant Pro Se.
 Eileen G. Coffey, Office of the U.S. Atty., Raleigh, NCa, for appellees.
 E.D.N.C.
 AFFIRMED.
 Before WILKINS and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Patrick O'Neal appeals the district court's order enforcing a summons issued by the Internal Revenue Service ("IRS"). O'Neal argues that the summons was not properly issued because it was not preapproved by the district court and because the IRS did not, on the face of the summons, state the proper authority to issue. Finding that the district court properly enforced the summons, we affirm.
 
 
 2
 * Pursuant to 26 U.S.C. Sec. 7602 (1988), the IRS issued a summons ordering O'Neal to appear before Special Agent White and to produce certain books, records, and papers relating to the tax liability of Edward L. Kotmair. After O'Neal failed to accept service of the summons, the IRS petitioned the district court for judicial enforcement of the summons pursuant to 26 U.S.C. Secs. 7402(b), 7604 (1988).
 
 
 3
 On October 4, 1993, the district court issued an order requiring O'Neal to appear before Special Agent White on October 28, 1993, or to appear before the court on November 1, 1993, and show cause why he should not be compelled to testify and to produce the requested material.
 
 
 4
 O'Neal failed to appear before Special Agent White; instead, he filed an "Objection to the Proceeding to Enforce Summons." On November 1, 1993, the district court found O'Neal in contempt and ordered him to appear before Special Agent White at 3:00 p.m. that same day. O'Neal did not appear and instead immediately appealed to this Court.
 
 II
 
 5
 Contrary to O'Neal's assertions, we find that the IRS properly issued the summons. The Internal Revenue Code authorizes agents of the IRS to summon "any person" to produce information that "may be relevant" to an investigation to determine civil or criminal tax liability. See 26 U.S.C. Sec. 7602.
 
 
 6
 The affidavit of Special Agent White, which accompanied the petition for judicial enforcement of the summons, established a prima facie case for enforcement,* and O'Neal failed to show that the summons should not be enforced. See Alphin v. United States, 809 F.2d 236, 238 (4th Cir.), cert. denied, 480 U.S. 935 (1987). The IRS was not required to obtain judicial approval prior to issuing the summons. See 26 U.S.C. Sec. 7602. Furthermore, because the summons was properly issued, the district possessed jurisdiction to enforce the summons. See 26 U.S.C. Sec. 7604.
 
 
 7
 The district court properly enforced the summons. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 To enforce a summons, the government need only show that the summons was issued for a legitimate purpose, that the data sought may be relevant to the legitimate purpose, that the data is not already in the government's possession, and that the administrative steps required by the Internal Revenue Code were followed. United States v. Powell, 379 U.S. 48, 57-58 (1964); Alphin v. United States, 809 F.2d 236 (4th Cir.), cert. denied, 480 U.S. 935 (1987)