[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1558

 UNITED STATES OF AMERICA,

 Petitioner, Appellee,

 v.

 RICHARD M. KERRIGAN,

 Respondent, Appellant.

 

No. 96-1559

 UNITED STATES OF AMERICA,

 Petitioner, Appellee,

 v.

 MILDRED E. KERRIGAN,

 Respondent, Appellant.

 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Nancy J. Gertner, U.S. District Judge] 

 

 Before

 Selya, Cyr, and Boudin, Circuit Judges. 

 

Richard M. Kerrigan on brief pro se. 
Loretta C. Argrett, Assistant Attorney General, Donald K. Stern, 
United States Attorney, Charles E. Brookhart and Theodore M. 
Doolittle, Attorneys, Tax Division, Department of Justice, on brief 
for appellee.

 

 April 28, 1997
 

 Per Curiam. Richard and Mildred Kerrigan appeal pro se 

from district court orders enforcing Internal Revenue Service

("IRS") summonses. We affirm.

 The Kerrigans argue that the summonses were issued for

improper purposes and that the testimony and other data

sought were already in the possession of the IRS. Contrary

to the Kerrigans' suggestion, the fact of having been audited

for six and a half years is not, by itself, sufficient to

raise an inference of bad faith. Moreover, we think the

Kerrigans failed to create a substantial question regarding

their allegation that the IRS already possessed everything it

sought. With the exception of third party bank records, the

Kerrigans provided no specific details about what was

provided, by whom, and when. 

 Nor do we think the fact that the revenue agent admitted

to having bank records shows bad faith. Cf. United States v. 

Groos Nat'l Bank of San Antonio, 661 F.2d 36, 37 (5th Cir. 

Unit A Oct. 1981) (per curiam) (rejecting argument that

because the IRS already had some of the information it sought 

in its possession the summonses were not issued in good

faith). Rather, at most, it is a reason to restrict the

scope of the enforcement order. See United States v. Davis, 

636 F.2d 1028, 1037 (5th Cir. Unit A Feb. 1981); cf. United 

States v. Medlin, 986 F.2d 463 (11th Cir. 1993) (upholding 

enforcement order which granted partial relief by modifying

 -3-

the summons). Here, the district court limited enforcement

of the summons so as not to require the Kerrigans to provide

third party records already produced.

 The Kerrigans' remaining contentions are either waived,

because they are unaccompanied by some effort at developed

argumentation, or are meritless. We note, in particular,

that the district court did not err in declining to entertain

the Kerrigans' counterclaim or in denying their discovery

requests. Enforcement proceedings are designed to be

summary. See Donaldson v. United States, 400 U.S. 517, 529 

(1971); United States v. Gertner, 65 F.3d 963, 966 (1st Cir. 

1995). Although the Federal Rules of Civil Procedure are

generally applicable to such proceedings, courts may limit

their application when to apply them literally would impair

the summary nature of the proceedings. See Fed. R. Civ. P. 

81(a)(3); Alphin v. United States, 809 F.2d 236, 238 (4th 

Cir. 1987). The Kerrigans' counterclaims (assuming for the

sake of argument that they are viable) would have greatly

prolonged the proceedings, and there was no abuse of

discretion in declining to entertain them. And, having

concluded at the hearing that the Kerrigans' allegations of

bad faith largely boiled down to the fact that they have

"disagreements with the IRS" (a conclusion we do not think is

clearly erroneous), the court did not abuse its discretion in

failing to allow the discovery requests.

 -4-

 Affirmed. 

 -5-