USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1558 UNITED STATES OF AMERICA, Petitioner, Appellee, v. RICHARD M. KERRIGAN, Respondent, Appellant. ____________________ No. 96-1559 UNITED STATES OF AMERICA, Petitioner, Appellee, v. MILDRED E. KERRIGAN, Respondent, Appellant. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy J. Gertner, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr, and Boudin, Circuit Judges. ______________ ____________________ Richard M. Kerrigan on brief pro se. ___________________ Loretta C. Argrett, Assistant Attorney General, Donald K. Stern, __________________ ________________ United States Attorney, Charles E. Brookhart and Theodore M. ______________________ ____________ Doolittle, Attorneys, Tax Division, Department of Justice, on brief _________ for appellee. ____________________ April 28, 1997 ____________________ Per Curiam. Richard and Mildred Kerrigan appeal pro se __________ ___ __ from district court orders enforcing Internal Revenue Service ("IRS") summonses. We affirm. The Kerrigans argue that the summonses were issued for improper purposes and that the testimony and other data sought were already in the possession of the IRS. Contrary to the Kerrigans' suggestion, the fact of having been audited for six and a half years is not, by itself, sufficient to raise an inference of bad faith. Moreover, we think the Kerrigans failed to create a substantial question regarding their allegation that the IRS already possessed everything it sought. With the exception of third party bank records, the Kerrigans provided no specific details about what was provided, by whom, and when.  Nor do we think the fact that the revenue agent admitted to having bank records shows bad faith. Cf. United States v. ___ _____________ Groos Nat'l Bank of San Antonio, 661 F.2d 36, 37 (5th Cir. ________________________________ Unit A Oct. 1981) (per curiam) (rejecting argument that because the IRS already had some of the information it sought ____ in its possession the summonses were not issued in good faith). Rather, at most, it is a reason to restrict the scope of the enforcement order. See United States v. Davis, ___ _____________ _____ 636 F.2d 1028, 1037 (5th Cir. Unit A Feb. 1981); cf. United ___ ______ States v. Medlin, 986 F.2d 463 (11th Cir. 1993) (upholding ______ ______ enforcement order which granted partial relief by modifying -3- the summons). Here, the district court limited enforcement of the summons so as not to require the Kerrigans to provide third party records already produced. The Kerrigans' remaining contentions are either waived, because they are unaccompanied by some effort at developed argumentation, or are meritless. We note, in particular, that the district court did not err in declining to entertain the Kerrigans' counterclaim or in denying their discovery requests. Enforcement proceedings are designed to be summary. See Donaldson v. United States, 400 U.S. 517, 529 ___ _________ _____________ (1971); United States v. Gertner, 65 F.3d 963, 966 (1st Cir. _____________ _______ 1995). Although the Federal Rules of Civil Procedure are generally applicable to such proceedings, courts may limit their application when to apply them literally would impair the summary nature of the proceedings. See Fed. R. Civ. P. ___ 81(a)(3); Alphin v. United States, 809 F.2d 236, 238 (4th ______ ______________ Cir. 1987). The Kerrigans' counterclaims (assuming for the sake of argument that they are viable) would have greatly prolonged the proceedings, and there was no abuse of discretion in declining to entertain them. And, having concluded at the hearing that the Kerrigans' allegations of bad faith largely boiled down to the fact that they have "disagreements with the IRS" (a conclusion we do not think is clearly erroneous), the court did not abuse its discretion in failing to allow the discovery requests. -4- Affirmed. ________ -5-